UNITED STATES of America

v.

Michael GRAYSON, a/k/a White
Bear, Appellant.

UNITED STATES of America

v.

Charles MOORE, a/k/a Uncle
Charlie, Appellant.

UNITED STATES of America

v.

Michael LAWLESS, a/k/a
Caveman, Appellant.

UNITED STATES of America

v.

Charles McKNIGHT, a/k/a
McNut, Appellant.

UNITED STATES of America

v.

Donald ROBINSON, a/k/a
Dino, Appellant.

UNITED STATES of America

v.

Michael GIORDANO, a/k/a
Bugsy, Appellant.

UNITED STATES of America

v.

John GAVIS, a/k/a Wacker
John, Appellant.

Nos. 85–1214, 85–1217, 85–1218, 85–1222,
85–1225, 85–1314 and 85–1391.

United States Court of Appeals,
Third Circuit.

Argued Feb. 12, 1986.

Decided June 30, 1986.

As Amended July 11, 1986.

Michael D. Shapiro (argued), Stack & Gallagher, Philadelphia, Pa., for appellant Michael Grayson.

Nicholas Panarella, Jr., Law Offices of Nicholas Panarella, Jr., Philadelphia, Pa., for appellant Charles Moore.

Arnold E. Rubin, Media, Pa., for appellant Michael Lawless.

Robert Hoffa (argued), Nino V. Tinari, Nino V. Tinari, P.C., Philadelphia, Pa., for appellant Charles McKnight.

Frank J. Marcone (argued), Media, Pa., for appellant Donald Robinson.

Jeffrey L. Staniels (argued), First Asst. Defender, Philadelphia, Pa., for appellant Michael Giordano.

Patrick J. Duffy, Duffy, Novak & Duffy, Philadelphia, Pa., for appellant John Gavis.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Thomas H. Lee, II (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM and STAPLE-TON, Circuit Judges, and TEITELBAUM, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

On this appeal, we must decide the following questions:

1) Whether use of a prior conspiracy conviction as a predicate act for a subsequent Racketeer Influenced and Corrupt Organization ("RICO"). 18 U.S.C. § 1962(c), prosecution and a subsequent continuing criminal enterprise ("CCE") prosecution violates the double jeopardy clause of the fifth amendment to the United States Constitution:

2) Whether the double jeopardy clause bars cumulative punishments for a conspiracy predicate act and for the CCE offense: and

3) Whether the district court erred in its instruction to the jury when defining "pattern of racketeering" for RICO purposes, 18 U.S.C. § 1961(5).

We hold that, on the facts of this case, prosecution for RICO and·CCE, after an earlier prosecution for a conspiracy predicate act, did not violate the double jeopardy clause. Part II–A *infra*. We hold that the

double jeopardy clause was violated by consecutive sentencing on the CCE offense, 21 U.S.C. § 848, and its conspiracy predicate offense, 21 U.S.C. § 846, as to appellant Michael Grayson. Thus, we remand Grayson's case to the district court for resentencing. Part II–B *infra*. We further hold that, on the facts of this case, the district court's refusal to instruct the jury that a connection must be shown among predicate offenses to prove the "pattern of racketeering" activity was, if error, harmless. Part III *infra*. The other challenges raised [1] by appellants, we find to be without merit and require no discussion. Thus, we affirm appellants' convictions and sentences in all other respects.

## I.

On July 18, 1984, a federal grand jury returned an indictment against ten members and associates of the Pagan Motorcycle Club ("PMC"). Charges were brought under provisions of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d), alleging substantive violation of and conspiracy to violate the statute. In addition, several of the defendants were charged with various violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 841(a)(1) and (d); 846; 848.[2]

---

* Honorable Hubert I. Teitelbaum, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. The other contentions are summarized in an appendix to this opinion.

2. Counts one and two of the indictment charged all ten defendants with substantive RICO violations, 18 U.S.C. § 1962(c), and RICO conspiracy, 18 U.S.C. § 1962(d). Michael Grayson was charged with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count three); possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) (Counts four and five); and attempt to possess with intent to distribute methamphetamine, 21 U.S.C. § 846 and 18 U.S.C. § 2 (Counts six and seven). Charles McKnight was charged with engaging in a continuing criminal enterprise (Count eight); attempt to possess with intent to distribute methamphetamine (Counts six and seven); distribution of phencyclidine, 21 U.S.C. § 841(a)(1) (Counts nine and ten); possession with intent to distribute methamphetamine (Counts eleven, fifteen, sixteen, seventeen, and

eighteen); manufacture of phencyclidine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts twelve, thirteen, fourteen, and nineteen); and possession of piperidine with intent to manufacture phencyclidine, 21 U.S.C. § 841(d) (Count twenty). Donald Robinson was charged with attempt to possess with intent to distribute methamphetamine (Counts six and twenty-one). Michael Lawless was charged with manufacture of phencyclidine (Count nineteen); and possession of piperidine with intent to manufacture phencyclidine (Count twenty-nine). Michael Giordano was charged with attempt to manufacture phencyclidine, 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count thirty); possession with intent to distribute phencyclidine (Counts thirty-one and thirty-three); distribution of methamphetamine (Counts thirty-two and thirty-four); and distribution of phencyclidine (Counts thirty-five and thirty-six). Charles Moore was charged with possession of piperidine with intent to manufacture phencyclidine (Count twenty). John Gavis was charged with manufacture of phencyclidine (Counts twelve and thirteen); and possession of piperidine with intent to man-

Eight of the ten defendants indicted, including all seven appellants here, were tried before a jury between January 7, 1985 and February 12, 1985.[3] On February 15, 1985, the jury returned its verdicts, finding all defendants guilty on all counts except that the jury found Grayson not guilty on Count five (possession with intent to distribute methamphetamine); McKnight not guilty on Count nine (distribution of phencyclidine); Giordano not guilty on Count thirty (attempt to manufacture phencyclidine); and the eighth defendant, Richard Richter,[4] not guilty on Count twenty-two (possession with intent to distribute methamphetamine). Sentencing took place on April 2, 1985 and May 17, 1985, and individualized sentences of four to fifteen years of imprisonment were imposed.

At trial, the government presented approximately 43 witnesses and more than 100 exhibits, including numerous tape recorded conversations, photographs and documents. The principal witnesses on behalf of the government were nine former members and associates of the Pagan Motorcycle Club ("PMC"). Viewed in the light most favorable to the government, see *Glasser v. United States*, 315 U.S. 60, 62, 62 S.Ct. 457, 461, 86 L.Ed. 680 (1942), the evidence might be summarized as follows. PMC, an enterprise with chapters throughout the East Coast of the United States, conducted its affairs through the manufacture and distribution of controlled substances, principally methamphetamine and phencyclidine. Defendants were, at one time or another, regular members of PMC. Defendants participated, directly or indirectly, in the affairs of PMC through the manufacture, receipt, concealment, purchase and sale of methamphetamine and phencyclidine, as well as various chemicals and ingredients used to manufacture methamphetamine and phencyclidine.

## II.

This case presents questions regarding the double jeopardy implications when prior convictions are used as predicate offenses to support a RICO[5] charge and a CCE[6] charge. Because resolution of this issue involves the interpretation and application of legal precepts, our standard of review is plenary. *See United States v. Adams*, 759 F.2d 1099, 1106 (3d Cir.1985); *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981).

The Double Jeopardy Clause of the Fifth Amendment declares: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life and limb ..." U.S. Const.Amend. V. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The test for determining whether two offenses are "the same" or are distinguishable and allow for cumulative punishment was established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The applicable rule under *Blockburger* "is that where the

ufacture phencyclidine (Count thirty-seven). Grayson App. at 1a–76a.

**3.** Two of the defendants named in the indictment reached a change of plea agreement with the United States prior to trial. One defendant became a witness for the government at the trial. Grayson Brief at x.

**4.** At the time of sentencing, Richard Richter was a fugitive and was not sentenced, thus, he is not a party in these appeals. Government Brief at 7.

**5.** To be convicted under RICO, evidence must show that defendant participated in affairs of an enterprise through a pattern of racketeering activity, which requires commission of at least two predicate crimes. *See* 18 U.S.C. §§ 1961(5), 1962(c).

**6.** To be convicted under CCE, evidence must show that defendant engaged in a continuous series of federal drug violations, which requires three or more predicate crimes. 21 U.S.C. § 848. Section 848 also requires that the defendant acted in concert or in conspiracy with five or more persons from which the defendant obtained substantial income or resources.

same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. The rule stated in *Blockburger,* was applied as a rule of statutory construction to help determine legislative intent. *Garrett v. United States,* —— U.S. ——, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985). The Supreme Court, thus, has recently indicated that the *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history. *Id.* In essence, the ultimate question of whether two offenses are the same, under *Blockburger,* is one of legislative intent. *Id.*

### A.

We turn first to Grayson's contention that he was subjected to successive prosecutions. At trial, the government introduced proof of prior convictions of defendant Grayson. Grayson App. at 288a and 294a. On October 14, 1977, Grayson was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to manufacture methamphetamine. Grayson App. at 288a. On November 19, 1983, Grayson was convicted in the United States District Court for the District of Maryland of conspiracy to manufacture phencyclidine. Grayson App. at 294a. Proof of both convictions was offered as evidence of the requisite predicate acts under both Count two, the RICO count, and Count three, the CCE count, as well as the remaining elements of the CCE. Grayson argues that the admission of evidence of these prior convictions as to both Counts two and three violated his right to be protected from double jeopardy.

### 1. *RICO Substantive and Predicate Acts*

■ The language and legislative history of RICO indicates little doubt that Congress, in enacting RICO, sought to allow the separate prosecution and punishment

of predicate offenses and a subsequent RICO offense. RICO's statutory language indicates that Congress sought to supplement, rather than supplant, existing crimes and penalties. Section 1961(5) provides that a:

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (*excluding any period of imprisonment*) *after the commission of a prior act of racketeering activity.*

18 U.S.C. § 1961(5) (emphasis added). This language suggests that Congress envisioned the situation where a defendant is convicted and sentenced for a racketeering act and subsequently charged with a RICO violation based on the prior conviction. *United States v. Persico,* 620 F.Supp. 836, 841 (S.D.N.Y.1985). *See United States v. Hawkins,* 658 F.2d 279, 287–88 (5th Cir. 1981); *United States v. Aleman,* 609 F.2d 298, 306 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980).

This interpretation of the language of RICO is fully supported by the statute's legislative history:

> It is the purpose of this Act to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing *new penal prohibitions, and by providing enhanced sanctions and new remedies* to deal with the unlawful activities of those engaged in organized crime.

Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, *reprinted in* 1970 U.S.Code Cong. & Ad.News at 1073 (emphasis added). *See also United States v. Phillips,* 664 F.2d 971, 1009 n. 55 (5th Cir.1981), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982) ("The legislative history of RICO demonstrates that Congress intended to permit the imposition of cumulative sentences for both RICO offenses and the underlying predicate offenses. [cita-

tions omitted]. Thus, a defendant may be convicted for the predicate acts which form the basis for the RICO charge and later charged under RICO. [citations omitted]. A conviction under RICO does not, therefore, grant immunity for the offenses charged as the predicate acts of racketeering activity. [citations omitted]".)

Several other courts of appeals have uniformly adopted this interpretation that Congress intended separate convictions or consecutive sentences for a RICO offense and the underlying predicate offense. As the Ninth Circuit observed in *United States v. Rone,* 598 F.2d 564 (9th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980):

> There is nothing in the RICO statutory scheme which would suggest that Congress intended to preclude separate convictions or consecutive sentences for a RICO offense and the underlying or predicate crimes which make up the racketeering pattern. The racketeering statutes were designed primarily as an additional tool for the prevention of racketeering activity, which consists in part of the commission of a number of other crimes. The Government is not required to make an election between seeking a conviction under RICO, or prosecuting the predicate offenses only. Such a requirement would nullify the intent and effect of the RICO prohibitions.

*Rone,* 598 F.2d at 571. *Accord Hawkins,* 658 F.2d at 287; *Aleman,* 609 F.2d at 306; *United States v. Boylan,* 620 F.2d 359, 361 (2d Cir.1980), *cert. denied,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1981). Indeed, the courts have repeatedly held that separate prosecutions and cumulative punishments for a RICO offense and its underlying predicate offenses are not inconsistent with the double jeopardy clause. *See e.g., Phillips,* 664 F.2d at 1009; *Boylan,* 620 F.2d at 361; *Hawkins,* 658 F.2d at 288; *Aleman,* 609 F.2d at 306. In light of the foregoing, we conclude that Congress intended separate prosecutions and cumulative punishments for predicate offenses and substantive RICO.

■ Having determined that Congress intended to permit prosecution for both the predicate offenses and the RICO offense, we must now determine whether prosecution for a RICO offense after an earlier prosecution for a predicate offense is constitutional under the double jeopardy clause. The critical inquiry is whether a RICO offense is considered the same offense as one or more of its predicate offenses within the meaning of the double jeopardy clause.

A RICO offense is not, in a literal sense, the "same" offense as one of the predicate offenses. *United States v. Persico,* 620 F.Supp. at 844. A RICO offense requires the jury to find that the defendant participated in affairs of an enterprise through a pattern of racketeering activity, which requires commission of two predicate offenses within a ten-year period. 18 U.S.C. §§ 1962, 1961(5). To prove a RICO violation, therefore, requires proof of a second racketeering act. *United States v. Persico,* 620 F.Supp. at 844. Further, the predicate offenses and the RICO offense are intended to deter two different kinds of activity—"racketeering" on the one hand and narcotics violations on the other. *United States v. Boldin,* 772 F.2d 719, 729 (11th Cir.1985). Clearly, a RICO offense may be based in part upon a predicate offense for which the defendant has already been convicted and served a sentence. *Hawkins,* 658 F.2d at 288. Hence, successive prosecutions for a RICO offense and its underlying predicate offenses are not inconsistent with the double jeopardy clause. Consequently, the admission of Grayson's two prior convictions as predicate acts for the RICO substantive charge did not violate the Double Jeopardy Clause.

### 2. *CCE and Predicate Acts*

■ To establish guilt under the continuing criminal enterprise statute, 21 U.S.C. § 848, the government must prove: 1) a felony violation of the federal narcotics law; 2) as part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an

organizer or supervisor; 5) from which he derives substantial income or resources. *United States v. Schuster*, 769 F.2d 337, 340 (6th Cir.1985); *United States v. Lurz*, 666 F.2d 69, 75 (4th Cir.1981), *cert. denied*, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982). The statute requires an agreement in a design or plan as well as concerted activity. *Jeffers v. United States*, 432 U.S. 137, 148–49, 97 S.Ct. 2207, 2214–15, 53 L.Ed.2d 168 (1977). The predicate acts here, conspiracy to manufacture methamphetamine and phencyclidine, are based on the conspiracy statute at 21 U.S.C. § 846. This statute punishes attempts or conspiracies to violate the drug laws.

Grayson urges that his prior convictions under section 846 bar his successive prosecution for a CCE offense. Recently, in *Garrett v. United States*, — U.S. —, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court considered the question whether the government could prosecute CCE charges based in part on conduct for which the defendant had been convicted previously for importing marijuana. Garrett was indicted in March 1981, in the Western District of Washington and subsequently pleaded guilty to one count of importation of marijuana. Thereafter, in July 1981, Garrett was indicted in the Northern District of Florida for conspiring to import marijuana, 21 U.S.C. §§ 952, 960, 963, conspiring to possess marijuana with intent to distribute, 21 U.S.C. §§ 841, 846, using a telephone to facilitate illegal drug activities, 21 U.S.C. §§ 963, 846, 843(b), and engaging in a continuing criminal enterprise, 21 U.S.C. § 848. In the Florida trial, evidence underlying Garrett's prior conviction in Washington was introduced to prove one of three predicate offenses that must be shown to make out a CCE violation. Garrett was convicted on the CCE count, the two conspiracy counts, and the telephone facilitation count. Garrett was sentenced to 40 years' imprisonment and a $100,000 fine on the CCE count, the prison term being concurrent with the prison terms on the other counts but consecutive to the prison term from the Washington conviction. Rejecting Garrett's contention that

his Washington conviction barred the subsequent CCE prosecution in Florida, the Eleventh Circuit held that the Washington offense and the CCE offense were not the same under the double jeopardy clause, and hence that successive prosecutions and cumulative sentences for these offenses were permissible.

In its review of the double jeopardy question, the Supreme Court considered whether Congress intended that the CCE be a separate offense from the underlying predicate offenses. The Court held, after extensive legislative analysis, that "[t]he language, structure, and legislative history of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, however, show in the plainest way that Congress intended the CCE provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses." *Garrett*, — U.S. at —, 105 S.Ct. at 2412. The Court noted that "it would be illogical for Congress to intend that a choice be made between the predicate offenses and the CCE offense in pursuing major drug dealers." *Id.* 105 S.Ct. at 2415.

The Court next considered whether prosecution for a CCE offense after an earlier prosecution for a predicate offense is constitutional under the Double Jeopardy Clause. The Court held that it did not violate the Double Jeopardy Clause to prosecute the CCE offense after the prior conviction for one of the predicate offenses. The CCE offense is not the "same" offense as one or more of its predicate offenses within the meaning of the Double Jeopardy Clause. *Id.* The Supreme Court then noted that "in order to properly analyze the successive prosecution issue, we must examine not only the statute which Congress has enacted, but also the charges which form the basis of the [g]overnment's prosecution here." *Id.* at 2415–16. As a result, the Court held that because the Florida CCE charge included acts which took place after the date of the Washington indictment, the CCE offense charged had not been completed at the time the Washington

indictment was returned; hence, the evidence of the Washington importation offense could be used to prove one of the predicate offenses for the Florida CCE offense. *Id.* at 2419.

Although *Garrett* involved a substantive predicate offense rather than a conspiracy predicate offense, the rationale and conclusions of the opinion are equally applicable to a prior conviction for a predicate conspiracy offense. Section 848(b)(1) of Title 21 defines the required predicate offenses of a CCE as violations of any provision of either subchapters I or II of Chapter 13 of Title 21 "the punishment for which is a felony." Under the plain terms of the statute, therefore, conspiracies under 21 U.S.C. § 846 for which the punishment is a felony clearly qualify as predicate acts. Moreover, in that portion of *Garrett* dealing with the issue of successive prosecutions, *Garrett*, —— U.S. at ——, 105 S.Ct. at 2411–19, the Court consistently refers only to "predicate offenses" and does not limit, in any way, its holding to substantive predicate offenses. It was only in reference to the cumulative punishment issue that the Court in *Garrett* referred to *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), and distinguished conspiracies from substantive predicate offenses.[7] *Id.* 105 S.Ct. at 2420.

The case of *Jeffers* is not to the contrary. In *Jeffers,* a plurality opinion, the Court was presented with successive prosecutions for conspiracy under 21 U.S.C. § 846 and continuing criminal enterprise under 21 U.S.C. § 848. However, the Court never directly decided the issue of the propriety of successive prosecutions, holding instead that because the defendant had objected to the government's motion to jointly try the cases "his action deprived him of any right that he might have had against consecutive

trials." *Jeffers,* 432 U.S. at 154, 97 S.Ct. at 2218. Furthermore, in *Jeffers,* unlike both *Garrett* and the present case, the two offenses—the conspiracy and the CCE—covered the exact same time period and, according to the government "much of the evidence planned for the § 848 trial was based on the same transactions as those involved in the § 846 case." *Id.* at 142, 97 S.Ct. at 2211.

Here, as in *Garrett,* the CCE charge included numerous offenses both distinct from the two prior conspiracy convictions as well as subsequent to the date of indictment in each of the prior cases. Count three, the CCE charge against Grayson, occurred "[f]rom in or about March 1977 to in or about November 1983." Grayson App. at 42a. The prior indictment against Grayson in the Eastern District of Pennsylvania was filed on May 19, 1977, and the conspiracy of which Grayson was convicted existed from "on or about March 29, 1977, to on or about May 4, 1977." Grayson App. at 285a. The District of Maryland indictment was filed on February 23, 1983, and Grayson's conspiracy conviction there covered the period December 1982 "up to and including on or about January 28, 1983." Grayson App. at 289a. The indictment here alleges a total of 26 predicate acts against Grayson in Count two, the RICO charge, all of which the government also relied upon as predicates for the CCE charge in Count three. Govt.App. at 775a–876a. Twenty-five of those predicate acts occurred after the Eastern District of Pennsylvania indictment was filed, and three occurred after the filing of the District of Maryland indictment. Grayson App. at 17a–24a. The evidence at trial showed Grayson continued to be involved in illegal drug activity as part of the CCE through July 1983, at least four to five months after the return of the Maryland

---

7. The issue of cumulative punishment on the prior conspiracy conviction and CCE is discussed below. At this point, it is noted that there is a distinction between successive prosecutions and cumulative punishments in double jeopardy analysis. *United States v. Gomberg,* 715 F.2d 843, 850 (3d Cir.1983), *cert. denied,* 465 U.S. 1078, 104 S.Ct. 1440, 79 L.Ed.2d 760 (1984).

See also *Jeffers v. United States,* 432 U.S. 137, 154 n. 23, 97 S.Ct. 2207, 2218 n. 23, 53 L.Ed.2d 168 (1977) ("Different considerations govern the propriety of addressing the cumulative-punishment issue, since petitioner,.... did argue implicitly that separate trials would be permissible.")

indictment. Govt.App. at 451a–56a, 693a–95a, 712a–14a.

Accordingly, in view of *Garrett* and under the facts of this case, the admission of Grayson's two prior conspiracy convictions as predicate acts for the CCE charge did not violate the Double Jeopardy Clause.

### B.

Having concluded that Congress intended both RICO and CCE to be separate offenses and that it does not violate the Double Jeopardy Clause under the facts of this case to prosecute the RICO offense and the CCE offense after a prior conspiracy conviction for one of the predicate offenses, the next issue is whether the double jeopardy clause bars cumulative punishments. The district court sentenced Grayson to ten years in prison on counts three, four, six and seven—the CCE count and its substantive predicate offenses—to commence at the expiration of Grayson's sentence in the District of Maryland, and five years in prison on Count one, RICO conspiracy, consecutive to the ten year general sentence. As to count two, substantive RICO, the district court suspended imposition of sentence and placed Grayson on five years probation to commence at the expiration of the prison sentences on the other counts. Grayson argues that the sentence imposed by the district court was unlawful on the RICO counts and the CCE count in that the sentence on the RICO counts were made consecutive to the CCE count and both the RICO and CCE counts were made consecutive to the sentence Grayson was already serving for the prior conspiracy conviction in the District of Maryland.

### 1. *RICO and CCE*

■ In *United States v. Phillips,* 664 F.2d at 1010–14, the Fifth Circuit held that RICO counts are not lesser included offenses of a CCE charge for double jeopardy purposes. The *Phillips* court stated:

> We conclude that the RICO counts are not lesser included offenses of the § 848 count. Both the substantive RICO and RICO conspiracy counts require proof of facts and elements not required to be proved under § 848, even though there is a substantial overlap in the proof offered to establish the crimes. In a substantive or conspiracy RICO prosecution the Government must prove the existence of an enterprise that affects interstate commerce. The existence of an enterprise is an element that is separate from the element of the pattern of racketeering activity in which the enterprise engages; the enterprise is proved by evidence of a continuing organization and by evidence that the members function as a continuing unit. *United States v. Turkette, supra* [452 U.S. 576], 101 S.Ct. [2524] at 2528 [69 L.Ed.2d 246 (1981)]. Mere proof of a pattern of racketeering activity, i.e., commission of at least two acts of racketeering activity, is not sufficient to establish a RICO violation; there must also be proof of the existence of the enterprise itself. Section 848, by contrast, does not require proof of a RICO type enterprise. Rather, § 848 merely requires proof that the defendant undertook a continuing series of violations in concert or in conspiracy with five or more persons.

*Phillips,* 664 F.2d at 1013–14. Consequently, RICO offenses are separate and distinct from continuing criminal enterprise offenses; hence the consecutive punishments on the RICO and CCE counts did not violate the fifth amendment's double jeopardy clause.

### 2. *RICO and Predicate Acts—Sentencing*

■ As noted earlier, Congress intended to permit the imposition of cumulative sentences for both RICO offenses and the underlying predicate offenses. *Id.* at 1009 n. 55; *Rone,* 598 F.2d at 571; *Hawkins,* 658 F.2d at 287; *Aleman,* 609 F.2d at 306; *Boylan,* 620 F.2d at 361. Accordingly, it was not improper for the district court to make the sentences on the RICO counts consecutive to the sentence Grayson was already serving for the prior conspiracy conviction in the District of Maryland.

### 3. *CCE and Predicate Acts—Sentencing*

Until recently the courts of appeals were divided on the issue whether consecutive sentencing for CCE and its predicate offenses violate the Double Jeopardy Clause. *Compare United States v. Gomberg,* 715 F.2d 843, 851 (3d Cir.1983), *cert. denied,* 465 U.S. 1078, 104 S.Ct. 1440, 79 L.Ed.2d 760 (1984) (double jeopardy bars cumulative sentencing); *United States v. Jefferson,* 714 F.2d 689, 703 (7th Cir.1983) (same); *United States v. Samuelson,* 697 F.2d 255, 260 (8th Cir.1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1314, 79 L.Ed.2d 711 (1984) (same); and *United States v. Chagra,* 669 F.2d 241, 261–62 (5th Cir.), *cert. denied.,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982) (same), *with United States v. Brantley,* 733 F.2d 1429, 1436–37 (11th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985), (sentencing under § 848 and for a predicate offense not a double jeopardy violation); and *United States v. Mourad,* 729 F.2d 195, 203 (2d Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984) (same).

■ The Supreme Court, however, resolved the issue in *Garrett v. United States.* The Court held that the Double Jeopardy Clause does not bar cumulative punishments for CCE and underlying substantive predicate offenses.[8] *Garrett,* — U.S. at ——, 105 S.Ct. at 2420. In addressing the cumulative punishments issue, the Court stressed that it did not address conspiracy charges and that *Jeffers* remains the law in that area:

> The focus of the analysis in *Jeffers* was the permissibility of cumulative punishments for conspiracy under § 846 and for CCE under § 848, and the plurality reasonably concluded that the dangers posed by a conspiracy and a CCE were similar and thus there would be little

purpose in cumulating the penalties. The same is not true of the substantive offenses created by the [Comprehensive Drug Abuse Prevention and Control] Act [of 1970] and conspiracy, and by the same logic, it is not true of the substantive offenses and CCE.

*Id. Jeffers,* therefore, stands for the proposition that cumulative punishments for conspiracy under § 846 and for CCE under § 848 violate the double jeopardy clause.

■ Because the CCE and conspiracy charges are not subject to cumulative punishment, Grayson may not be subjected to sentences for both the CCE and conspiracy conviction. Thus, we must now consider the appropriate remedial measures to be taken. In *United States v. Busic,* 639 F.2d 940, 950 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 918, 69 L.Ed.2d 422 (1981), we held that the Constitution does not forbid a district court from resentencing a defendant *de novo* and imposing a more severe sentence if it so chooses. *See Gomberg,* 715 F.2d at 852; and *Government of Virgin Islands v. Soto,* 718 F.2d 72, 75–76 (3d Cir.1983). In light of *Busic,* Grayson's sentences may be vacated on all counts and the district court may exercise its discretion in resentencing. It is noted that since it is the "cumulation of sentence" which is illegal, we are not required to vacate Grayson's convictions. *Cf. United States v. Gomez,* 593 F.2d 210, 217 (3d Cir.), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); *United States v. Corson,* 449 F.2d 544, 551 (3d Cir.1971).

In this case, the appropriate course would be to vacate Grayson's sentence on all counts and impose sentences on the non-CCE counts consecutive, if the court continued to consider it appropriate, to Grayson's District of Maryland sentence.[9]

---

**8.** The Supreme Court's holding in *Garrett* that cumulative punishment was appropriate for CCE and substantive predicate offenses clearly overrules our decision in *United States v. Gomberg,* 715 F.2d at 851, to that extent.

**9.** The maximum penalty Grayson faces as to each conviction is as follows:

| Count | Offense | Maximum Penalty |
| --- | --- | --- |
| One | 18 U.S.C. § 1962(d)-RICO conspiracy | 20 years and $25,000 fine |
| Two | 18 U.S.C. § 1962(c)-RICO | 20 years and $25,000 fine |
| Three | 21 U.S.C. § 848-CCE | minimum of 10 years and up to life imprisonment without parole, and $100,000 fine |

Given that Grayson's conspiracy conviction is in the District of Maryland, the district court here cannot impose a general sentence on the CCE count and the Maryland conspiracy conviction. Nor can the court vacate the Maryland conspiracy conviction. Moreover, the district court cannot allow the CCE sentence to run concurrently with the conspiracy sentence. In *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985), the Court held that once it is determined that Congress did not intend to punish two offenses cumulatively:

> The only remedy consistent with the Congressional intent is for the district court, where the sentencing responsibility resides, to exercise its discretion to vacate ... the underlying convictions [or sentences]. The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention.

Accordingly, we remand the case with instructions to the district court to vacate Grayson's sentence and, in the exercise of its discretion, to impose appropriate sentences to cover the convictions under Counts one, two, four, six and seven.

### III.

Defendant Giordano challenges the district court's jury instructions. Giordano argues that it was reversible error for the district court to refuse to instruct the jury that a "connection" must be shown among the various predicate acts for the RICO offense, 18 U.S.C. § 1962(c), charged against him in Count two of the Indictment. At trial, the district court judge instructed the jury that: "a pattern of racketeering activity is defined to be two or more acts of racketeering which occurred within ten years of each other." Giordano App. at A–109. Giordano objected to that definition and requested that the district court elaborate on the definition by stating that a connection between the predicate acts is needed to prove a "pattern of racketeering activity". *Id.* at A–132, A–142–43. Because resolution of this issue turns on statutory construction involving the interpretation and application of legal precepts, this court's standard of review is plenary. *Universal Minerals*, 669 F.2d at 102–3.

Section 1962(c) renders unlawful the conduct, "through a pattern of racketeering activity," of the affairs of an enterprise engaged in, or whose activities affect, interstate commerce. 18 U.S.C. § 1961(1) defines "racketeering activity" as any of a large number of specified illegal acts, including "any act which is indictable under the Currency and Foreign Transactions Reporting Act." Finally, 18 U.S.C. § 1961(5) provides that:

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

At least until recently, courts have differed in their readings of "pattern" for RICO purposes. Some courts have taken the position that any two acts of racketeering by the same enterprise, no matter how un-

| Count | Offense | Maximum Penalty |
|---|---|---|
| Four | 21 U.S.C. § 841(a)(1)-possession with intent to distribute methamphetamine | 5 yrs., a $15,000 fine and at least two years special parole |
| Six | 21 U.S.C. § 846-attempt to possess with intent to distribute methamphetamine | 5 years and a $15,000 fine |
| Seven | 21 U.S.C. § 846-attempt to possess with intent to distribute methamphetamine | 5 years and a $15,000 fine |

Note: Counts four, six and seven occurred prior to October 12, 1984, the effective date of the increased penalties under the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, §§ 502, 503(b)(1), (2) October 12, 1984, 98 Stat. 2068, 2070. In addition, although Grayson had a prior felony conviction under Subchapter I of Title 21, and therefore qualified for enhanced sentencing under 21 U.S.C. § 841(b)(1)(B), the government did not, before trial, file an information with the court stating in writing the previous convictions to be relied upon, as required by 21 U.S.C. § 851(a)(1). Therefore, the maximum penalty on Counts four, six and seven was only five years and a $15,000 fine. Gov't Supp.Memo at 2–3.

related, establish the requisite pattern. *See United States v. Phillips*, 664 F.2d at 1011 (the two predicate crimes need not be related to each other but must be related to the affairs of the enterprise); *United States v. Weisman*, 624 F.2d 1118, 1122–23 (2d Cir.), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980); *United States v. Bright*, 630 F.2d 804, 830 n. 47 (5th Cir.1980). By contrast, other courts have applied some such requirement of relatedness. *See United States v. Stofsky*, 409 F.Supp. 609, 614 (S.D.N.Y.1973), *aff'd on other grounds*, 527 F.2d 237 (2d Cir. 1975), *cert. denied*, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 80 (1976) (racketeering acts must have been connected with each other by some common scheme, plan or motive so as to constitute a pattern and not simply a series of disconnected acts); *United States v. Starnes*, 644 F.2d 673, 677–78 (7th Cir. 1981); *United States v. Moeller*, 402 F.Supp. 49, 57–58 (D.Conn.1975).

The Supreme Court in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), although in dictum, has recently supplied the courts with its reading of "pattern" for RICO purposes. The Court stressed that a "pattern" cannot be established without "continuity plus relationship." The Court emphasized the "continuity" point by stating more than once that RICO is not aimed at the isolated offense:

> As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than

one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that "[t]he term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan). See also *id.*, at 35193 (statement of Rep. Poff) (RICO "not aimed at the isolated offender"); House Hearings, at 665. Significantly, in defining "pattern" in a later provision of the same bill, Congress was more enlightening: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575(e). This language may be useful in interpreting other sections of the Act. *Cf. Iannelli v. United States*, 420 U.S. 770, 789, 95 S.Ct. 1284, 1295, 43 L.Ed.2d 616 (1975).

*Sedima,* — U.S. at — n. 14, 105 S.Ct. at 3285 n. 14. Other courts have taken a fresh look at the "pattern" issue in light of *Sedima. See e.g., Alexander Grant & Co. v. Tiffany Industries, Inc.*, 770 F.2d 717, 718 n. 1 (1985); *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.*, 615 F.Supp. 828, 831–33 (N.D.Ill.1985) (several mailings in furtherance of the ongoing kickback scheme did not establish a RICO "pattern"); *Professional Assets Management, Inc. v. Penn Square Bank, N.A.*, 616 F.Supp. 1418, 1421 (W.D.Okl.1985); *Rojas v. First Bank Nat. Ass'n*, 613 F.Supp. 968, 971 n. 1 (E.D.N.Y.1985) (several isolated acts do not establish a "pattern of racketeering activity" for purposes of a civil RICO claim; there must be a showing of at least two acts of racketeering activity and

the threat of continuing activity); *Allington v. Carpenter*, 619 F.Supp. 474, 477–78 (C.D.Cal.1985).

 In the case before us, we may assume, without deciding, that the predicate acts relied upon to support a conviction under RICO must 'have the same or similar purposes, results, participants, victims, or methods of commission, or [must be] otherwise … interrelated by distinguishing characteristics,' so as not to be 'isolated events.' *Sedima*, 105 S.Ct. at 3285 n. 14. We may make this assumption because the evidence was such that a jury finding Giordano guilty of a RICO violation could only have relied upon predicate acts having the necessary interrelatedness. Accordingly, any error in the charge does not require reversal of Giordano's RICO conviction.

 Since the challenged instruction affected no possible Constitutional right, we are not required to find that any error in the charge was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Instead, we must apply the "highly probable" standard of appellate review to determine the harmlessness of the error. *Government of Virgin Islands v. Toto*, 529 . F.2d 278, 284 (3d Cir.1976). "High probability" requires that the court have a "sure conviction that the error did not prejudice the defendant," but need not disprove every "reasonable possibility" of prejudice. *United States v. Jannotti*, 729 F.2d 213, 219–20 & n. 2 (3d Cir.1984). Applying this standard to the circumstances of this case, we hold that the erroneous instruction does not constitute reversible error. F.R.Crim.P. 52(a).

To reach this conclusion, one need only glance at the predicate acts for the RICO offense charged against Giordano in Count two of the Indictment. Paragraph 10 of Count two of the Indictment sets forth seven predicate acts against Giordano ranging in time from Fall 1982 to December 1983. Giordano App. at A–43–45. Six of those predicate acts were presented to the jury.[10] These predicate acts cover incidents and events whereby Giordano allegedly manufactured, possessed, sold and distributed methamphetamine and phencyclidine to various members and associates of the Pagan Motorcycle Club ("PMC"). Giordano was a member of PMC and each of the predicate acts were committed in conjunction with PMC members, at the direction of some PMC members, and as part of the ongoing involvement of Giordano and the PMC in drug activity. Thus, we conclude that Giordano was not prejudiced by the district court's error.

## CONCLUSION

All of the appellants' convictions will be affirmed, as will all of the sentences except those imposed on Michael Grayson. His case will be remanded to the district court, in its exercise of discretion, for vacation of sentence on all counts and imposition of sentences on the non-CCE counts consecutive to Grayson's District of Maryland sentence.

## APPENDIX TO OPINION OF THE COURT:

The following contentions, reproduced verbatim from the appellants' briefs, are rejected as without merit. All appellants adopt each other's arguments to the extent they are applicable.

Michael Grayson, appellant in No. 85–1214; John Gavis, appellant in No. 85–1391:

—There was insufficient evidence to sustain a conviction of appellant Grayson on conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO).

—There was insufficient evidence to sustain conviction of appellants on Count II of the Indictment, Substantive Violations of RICO.

—There was insufficient evidence to sustain conviction of appellant Grayson

10. The predicate act in paragraph 10(c) was not submitted to the jury because it incorrectly identifies the drug distributed as phencyclidine rather than methamphetamine. Government App. at 762a–63a.

under Count III, Violation of 21 U.S.C. sec. 848.

—The District Court erred in repeatedly permitting Government witnesses to testify to joint understandings of the meanings of conversations.

—Appellant Gavis was denied his Constitutional right to due process of law when in response to a question posed by the jury to the Court requiring the reading back of trial testimony, a critical portion of the requested testimony was not read.

—The Trial Court erred in denying appellant Gavis' motion for severance.

Charles Moore, appellant in No. 85–1217:

—Whether the trial court erred in denying the appellant's motion to sever his trial from that of the co-defendants indicted in the matter before the district court.

—Whether the trial court erred in refusing to instruct the jury, after the defendant had so requested, that the overt acts alleged to have been committed by the defendant, Charles Moore, if found to be one continuous act, would require the jury to acquit him of the RICO charges alleged in the indictment.

Michael Lawless, appellant in No. 85–1218:

—Whether the Trial Court erred in denying Appellant's Motion for severance, Appellant being one of nine Defendants and the evidence presented by the Government was primarily against other Defendants in the case.

—Whether the Trial Court erred in allowing metal detectors at the entrance of the court room, thus causing an aura of fear to permeate the fair and impartial administration of justice to deny Appellant full process.

Charles McKnight, appellant in No. 85–1222:

—The trial court erred in refusing to permit the appellant to present expert testimony concerning the effects of high dosage of drug use on the capacity of witnesses to accurately perceive, remember and communicate reality.

—The trial court erred in admitting a 1977 conviction of the appellant as a predicate continuing criminal enterprise offense when that conviction was not contained in the indictment.

Donald Robinson, appellant in No. 85–1255:

—Did the trial court err in refusing to permit the defendant to plead the defense of entrapment to the jury.

Michael Giordano, appellant in No. 85–1314:

—A prejudicial time variance requires reversal of Count 31.

—The evidence was insufficient to prove the element of Count 2 of "pattern" of racketeering activity where four of six enumerated predicate offenses were not connected to the affairs of the enterprise.