843 F.2d 735
 The UNITED STATES
v.
David AGUILAR, Gary Austin, Norman Bennett, Frank C.
Boersig, Anastacio H. Cavazos (a/k/a Tacho), Larry Michael
Farber (a/k/a Mike), Norman Farber, Nora Juliao (a/k/a Nora
Jimeno, Cheryl Jimeno), John Robert Kelleher (a/k/a Irish),
Ray Lapoint, Robert Lee (a/k/a Bob Lee, Chinaman), Kenneth
Eugene Roberts, Ramon Sosa, John Spagnoli, Frank Torchia,
Jeff Wilson.
Appeal of Norman FARBER.
 No. 87-3286.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule
12(6) Dec. 2, 1987.
Decided March 31, 1988.
 
 Stanton D. Levenson, Pittsburgh, Pa., for appellant.
 J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.
 Before WEIS, HIGGINBOTHAM and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal concerns, inter alia, the propriety of separate prison sentences that the district court imposed on appellant Norman Farber. Farber and fifteen other individuals were indicted by a federal grand jury on September 3, 1986. Thereafter, at a three-week trial involving a total of six defendants, Farber was convicted by a jury of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. Sec. 848 (Supp. IV 1986) (subsequent recodification, with amendments); of conspiracy, in violation of 21 U.S.C. Sec. 846 (1982); and of possessing marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (1982) and 18 U.S.C. Sec. 2 (1982). The district court sentenced Farber to concurrent fifteen-year prison terms on the CCE and conspiracy convictions and suspended Farber's sentence on the marijuana possession conviction.
 
 
 2
 The CCE (or "kingpin") statute applies to any person who undertakes a continuing series of felony violations "in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and ... from which such person obtains substantial income or resources." 21 U.S.C. Sec. 848(d)(2); see generally United States v. Fernandez, 822 F.2d 382 (3d Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 450, 98 L.Ed.2d 391 (1987). The "continuing series of [felony] violations" element of this statute, which is now codified at 21 U.S.C. Sec. 848(d)(2), has been interpreted by federal courts to require three or more violations of federal law. See, e.g., United States v. Ordonez, 737 F.2d 793, 806 (9th Cir.1984) (amended opinion); United States v. Brantley, 733 F.2d 1429, 1436 (11th Cir.1984), cert. denied, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985). Under the statute in effect at the time of Farber's indictment and currently, a CCE conviction carries a mandatory minimum sentence of ten years in prison. 21 U.S.C. Sec. 848(a).
 
 
 3
 In United States v. Gomberg, 715 F.2d 843 (3d Cir.1983), cert. denied sub nom. Spielvogel v. United States, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 and sub nom. Levy v. United States, 465 U.S. 1078, 104 S.Ct. 440, 79 L.Ed.2d 760 (1984), this Court analyzed the legislative purposes embodied in the CCE statute at issue in this appeal. We concluded that
 
 
 4
 the structure of th[is] Act, with its series of graduated penalties culminating in the extremely harsh punishment for continuing criminal enterprises, shows that Congress intended the courts to rely on section 848 alone for sentencing purposes. Cumulative sentences on the underlying predicate violations are not necessary to carry out the congressional purpose of severely punishing the leaders of narcotic rings.
 
 
 5
 In short, we conclude[d] that Congress did not intend a defendant found guilty of a continuing criminal enterprise to be punished as well for conspiracy and substantive predicate offenses.
 
 
 6
 Gomberg, 715 F.2d at 851; cf. Jeffers v. United States, 432 U.S. 137, 157, 97 S.Ct. 2207, 2219, 53 L.Ed.2d 168 (1977) ("[T]he [general] reason for separate penalties for conspiracies lies in the additional dangers posed by concerted activity. Section 848, however, already expressly prohibits this kind of conduct.");[1] Fernandez, 822 F.2d at 385 (section 848 "is not merely a more grandiose or far-reaching conspiracy statute"); United States v. Graewe, 774 F.2d 106, 108 (6th Cir.1985) (order on petition for panel rehearing) ("A continuing criminal enterprise (CCE) charge is a conspiracy charge, and one convicted of a CCE is subject to Pinkerton[2] liability[,] ... [but] more is required to prove a CCE than to prove a mere criminal conspiracy, and ... [one] could [be] convicted of a conspiracy although acquitted of the CCE.") (footnote added), cert. denied, 474 U.S. 1068, 1069, 106 S.Ct. 826, 828, 88 L.Ed.2d 798 (1986).
 
 
 7
 In United States v. Grayson, 795 F.2d 278 (3d Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1899, 95 L.Ed.2d 505, and sub nom. Robinson v. United States, --- U.S. ----, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987), we remanded separate but concurrent sentences that had been imposed for CCE and conspiracy convictions, instructing the district court to vacate the separate sentences and to impose an appropriate general sentence. We explained that,
 
 
 8
 once it is determined that Congress did not intend to punish two offenses cumulatively[,] "[t]he only remedy consistent with the Congressional intent is for the district court, where the sentencing responsibility resides, to exercise its discretion to vacate ... the underlying convictions [or sentences]. The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress'[s] intention."
 
 
 9
 Grayson, 795 F.2d at 288 (quoting Ball v. United States, 470 U.S. 856, 864, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985)) (ellipses and first six brackets in Grayson ). Accordingly, we held that, "[b]ecause ... CCE and conspiracy charges are not subject to cumulative punishment, [a defendant] may not be subjected to sentences for both the CCE and conspiracy conviction[s]." Grayson, 795 F.2d at 287 (emphasis added); accord United States v. Benevento, 836 F.2d 60, 73 (2d Cir.1987); United States v. Amen, 831 F.2d 373, 383-84 (2d Cir.1987), petition for cert. filed sub nom. Abbamonte v. United States, 56 U.S.L.W. 3531 (U.S. Feb. 9, 1988) (No. 87-1235, filed Jan. 20, 1988).
 
 
 10
 On appeal, Farber claims that the district court erred when it imposed separate sentences for CCE and conspiracy. The government agrees with this claim. Brief of the United States at 98. Because our prior decisions clearly indicate that Congress did not authorize a district court to impose separate sentences for CCE and conspiracy, we will remand Farber's separate sentences on these counts.[3] We will direct the district court, on remand, to vacate the separate sentences and to impose a general sentence for the CCE and conspiracy counts. See Grayson, 795 F.2d at 288. We will affirm the district court's judgment of conviction and sentence in all other respects.
 
 
 
 [1]
 Although the Jeffers Court issued a plurality opinion on other issues, eight Justices endorsed the "conclusion that Congress did not intend to impose cumulative penalties under Secs. 846 and 848...." 432 U.S. at 157, 97 S.Ct. at 2219
 
 
 [2]
 See Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)
 
 
 [3]
 Farber makes two other claims on this appeal. He argues that his CCE conviction is invalid because there was insufficient evidence to prove that he was the organizer, manager or supervisor of at least five other persons. He also claims that the district court erred when it denied a co-defendant's motion for the appointment of an expert to testify for the defense about the effect of drug and alcohol abuse on an individual's ability to perceive and recall events accurately. After considering these claims and reviewing the record, we find that they each lack merit