

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2005

# Conerly v. Yates

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4664

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Conerly v. Yates" (2005). *2005 Decisions.* Paper 435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4664

_____

ALVIN CONERLY,

Appellant

v.

STAN A. YATES,
Warden, FCI Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01057)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2005

Before: ALITO, SMITH AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: October 11, 2005)

_____

OPINION

_____

PER CURIAM

Alvin Conerly appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. In his petition, Conerly challenged the Bureau of Prison's calculation of his sentence and alleged that he was entitled to credit for time spent in temporary federal custody and in state custody. The District Court denied his petition, and Conerly filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's legal conclusions is plenary, and we review its findings of facts for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). The procedural history of this case and the details of Conerly's claims are well-known to the parties, set forth in the District Court's opinion, and need not be repeated here. On appeal, Conerly contends that appellee waived any defense to his claim by failing to timely respond to it. We disagree. Conerly also argues that he is entitled to credit on his federal sentence for the time served on his second state sentence because this sentence for conspiracy and bank robbery was based on the same offense or acts as the federal sentence for racketeering. However, a RICO offense is not the same as the underlying predicate act and can be prosecuted and sentenced separately. See United States v. Pungitore, 910 F.2d 1084 (3d Cir. 1990)(allowing prosecution for a RICO offense after conviction for the underlying predicate offense); United States v. Grayson, 795 F.2d 278, 283 (3d Cir. 1986)(allowing separate prosecutions and cumulative punishments for RICO offense and underlying

2

predicate offense.).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's December 20, 2004, order.