**UNITED STATES of America**

v.

**Walter ESPOSITO, Appellant.**

**No. 89–5971.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 25, 1990.

Decided July 31, 1990.

Rehearing and Rehearing In Banc Denied Aug. 29, 1990.

David A. Ruhnke, Ruhnke & Barrett, West Orange, N.J., for appellant.

Samuel A. Alito, Jr., U.S. Atty., Edna Ball Axelrod, Chief, Appeals Div., Donna A. Krappa, Asst. U.S. Atty., Newark, N.J., for appellee.

Before SLOVITER and MANSMANN, Circuit Judges, and FULLAM, District Judge.[*]

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

On this direct appeal from the district court's denial of defendant's motion to dismiss the indictment on double jeopardy grounds 726 F.Supp. 991, we must decide whether acquittal on a RICO charge bars subsequent prosecution on the predicate acts. This presents the mirror image of the question that we decided in *United States v. Grayson*, 795 F.2d 278 (3d Cir. 1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987), where we held that the Double Jeopardy Clause does not bar use of prior convictions of the predicate offenses to support a later RICO charge.

## I.

In August 1988, the defendant Walter Esposito, along with nineteen others, was acquitted by a jury in *United States v. Accetturo*, Cr. No. 85–292, D.N.J. Esposito had been named in four counts of a twelve-count indictment. Count One charged him with a conspiracy, spanning from at least February 1976 until July 31, 1985, to violate the Racketeering Influenced and Corrupt Organization Act (RICO), in violation of 18 U.S.C. § 1962(d). Count Two charged him with participation in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c).[1] In this Count, Esposito was specifically charged with four predicate acts: participating in a drug distribution conspiracy from 1977 to July 1985;

cocaine distribution in November 1984; cocaine distribution in December 1984; and cocaine distribution in January 1985. Count Three charged him with conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846, and Count Four charged him with distribution of cocaine in November 1984 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

After the acquittal in the *Accetturo* case, a federal grand jury returned an indictment against Esposito in three counts alleging drug distribution in violation of 21 U.S.C. § 841(a)(1) on three separate dates: (1) on or about December 5, 1984; (2) on or about December 20, 1984; and (3) on or about January 9, 1985. The government concedes that these counts were based on the transactions that supported predicate acts charged in Count Two of the earlier *Accetturo* indictment. Brief for Appellee at 6.

Esposito filed a motion to dismiss this second indictment, claiming that the proceeding violated principles of double jeopardy and collateral estoppel, and that it also constituted a vindictive prosecution that deprived him of due process. The district court denied Esposito's motion, and Esposito filed this appeal limited to his contention that the second indictment violates the Double Jeopardy Clause of the Fifth Amendment.

■ This court has jurisdiction over this appeal under 28 U.S.C. § 1291. Pretrial orders denying motions to dismiss the indictments on double jeopardy grounds "fall within the so-called 'collateral order' exception to the final-judgment rule first announced in *Cohen v. Beneficial Industrial Loan Corp.* [337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)], ... and are thus 'final decisions' within the meaning of

---

[*] Honorable John P. Fullam, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Under RICO, it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct

of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). A "pattern of racketeering" requires at least two acts of racketeering activity in a ten-year period. 18 U.S.C. § 1961(5). Racketeering activity is defined as activity that violates specified state laws or federal statutes. 18 U.S.C. § 1961(1).

§ 1291." Abney v. United States, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). See also United States v. Liotard, 817 F.2d 1074, 1077 n. 4 (3d Cir.1987). Our standard of review is plenary. United States v. Grayson, 795 F.2d at 281.

## II.

Esposito argues on appeal that the district court erred as a matter of law in rejecting his claim that this prosecution is barred by the Double Jeopardy Clause because of his acquittal on Counts One, Two, and Three of the earlier indictment.[2] There appear to be two prongs to his double jeopardy argument. He argues first that this is an impermissible successive prosecution. In that connection, he argues that although a conviction may be used later as a predicate act in a substantive RICO claim without violating the Double Jeopardy Clause, as we held in Grayson, the reverse is not true; once a defendant has been acquitted on a RICO charge the government cannot later prosecute him on the underlying predicate acts. He also argues that this prosecution is barred under the legal principle that precludes a later prosecution on a lesser included offense when there has been an acquittal or conviction on a greater offense, and cites, inter alia, Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam).

The double jeopardy issues raised in connection with prosecution for a compound predicate offense, such as racketeering under RICO or engaging in a continuing criminal enterprise (CCE) in violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 848, do not fit precisely within the analytic lines used in other double jeopardy cases. Nonetheless, there is no exception from the Double Jeopardy Clause for complex statutory crimes. See Jeffers v. United States,

432 U.S. 137, 151, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168 (1977) (plurality opinion).

Indeed, we recognize at the outset that Esposito's prosecution on the substantive narcotics offenses which were listed as predicate acts in the earlier RICO indictment against him could implicate some of the concerns underlying the Double Jeopardy Clause, such as, for example, the need to protect a defendant from prosecutorial overreaching, see Ohio v. Johnson, 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984); Garrett v. United States, 471 U.S. 773, 795–96, 105 S.Ct. 2407, 2419–20, 85 L.Ed.2d 764 (1985) (O'Connor, J., concurring), or providing the state an opportunity to rehearse its presentation of proof, see Grady v. Corbin, —— U.S. ——, 110 S.Ct. 2084, 2091–92, 109 L.Ed.2d 548 (1990).

Moreover, this is not a case where all the events necessary to the second prosecution had not taken place at the time of the first prosecution, see Garrett, 471 U.S. at 798, 105 S.Ct. at 2421 (O'Connor, J., concurring) (double jeopardy does not bar subsequent prosecution for CCE offense "[w]here the defendant continues unlawful conduct after the time the Government prosecutes him for a predicate offense"); see also Diaz v. United States, 223 U.S. 442, 449, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912) (earlier conviction of assault and battery does not bar prosecution for homicide when victim died after the first prosecution), nor a case where the facts underlying the second prosecution were unknown or unavailable at the time of the first, see Jeffers, 432 U.S. at 152, 97 S.Ct. at 2216 (double jeopardy may not apply when the facts necessary to prosecution for a greater crime "were not discovered despite the exercise of due diligence before the first trial"). This is also not a case, such as Jeffers, where the responsibility for separate prosecutions can be laid at the feet of the defendant. Id. at

---

**2.** Although Esposito's brief focuses on Count II of the Accetturo indictment, the substantive RICO offense, he refers to three of the four counts on which he was indicted in his supplemental letters sent at the request of the court. As will be developed in the text hereafter, a prior conspiracy prosecution would impose no

double jeopardy bar, see Iannelli v. United States, 420 U.S. 770, 779, 95 S.Ct. 1284, 1290, 43 L.Ed.2d 616 (1975), and thus neither Count I (conspiracy to violate RICO) nor Count III (conspiracy to distribute and possess cocaine) will be addressed independently.

154, 97 S.Ct. at 2218 (defendant who objected to joint prosecution for conspiracy and CCE charges could not complain about consecutive trials).

Despite our unease about the turn of events presented by this case, we cannot translate it into a double jeopardy violation unless the two offenses for which Esposito has been charged are "the same offense," *id.* at 150, 97 S.Ct. at 2216, because the constitutional proscription is in those terms.[3] The Supreme Court has recently reiterated the now familiar statement that under the Double Jeopardy Clause of the Fifth Amendment, defendants are protected from later prosecutions for the same offense after being convicted, from later prosecutions for the same offense after being acquitted, and from multiple punishments for the same offense. *See Grady v. Corbin,* 110 S.Ct. at 2090 (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).

In this case, we do not face the issue of multiple punishments for the same offense because Esposito was acquitted in the first prosecution. Our inquiry therefore is limited to whether Esposito's second prosecution offends the protection afforded by the Double Jeopardy Clause from later prosecution for the same offense after being acquitted.

When faced with a similar issue in a somewhat comparable situation, the Supreme Court directed the courts to undertake a two-step analysis. *See Garrett,* 471 U.S. at 778, 105 S.Ct. at 2411. First, we must consider whether Congress intended that each violation be a separate offense. A negative answer would be dispositive of the double jeopardy inquiry and the constitutional issue could be avoided. *Id.* On the other hand, if it is clear that Congress intended to permit separate prosecutions, we must proceed with the second inquiry, whether the offense in the second prosecution is considered to be the "same offense" as the offense in the first prosecution with-

in the meaning of the Double Jeopardy Clause. *Id.* at 786, 105 S.Ct. at 2415.

This court has previously considered whether Congress intended to allow successive prosecutions under RICO. *See United States v. Grayson,* 795 F.2d 278 (3d Cir. 1986), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987). In determining that Congress intended to allow an earlier conviction to serve as a predicate act in a later RICO prosecution, we noted that "RICO's statutory language indicates that Congress sought to supplement, rather than supplant, existing crimes and penalties." *Id.* at 282. Other courts have reached the same conclusion. *See, e.g., United States v. Licavoli,* 725 F.2d 1040, 1049–50 (6th Cir.), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (1984); *United States v. Boldin,* 772 F.2d 719, 728–30 (11th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986); *United States v. Phillips,* 664 F.2d 971, 1009 n. 55 (5th Cir. Unit B 1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *United States v. Persico,* 774 F.2d 30, 32 (2d Cir.1985).

Esposito argues that the fact that Congress intended to permit a subsequent prosecution for RICO following an earlier prosecution for a predicate act does not signify that Congress also intended that a prosecution for the predicate act could follow a RICO prosecution. However, nothing in the legislative history suggests that Congress intended RICO to be a substitute for the predicate offense; instead, that history unequivocally demonstrates Congress saw RICO as a new and additional enforcement tool. *Cf. Garrett,* 471 U.S. at 784, 105 S.Ct. at 2414 (Congress intended to create a CCE offense separate from and in addition to the predicate offense).

The purpose behind RICO was to "seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new rem-

---

**3.** The Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides: "nor should any person be subject for the same offense to be twice put in jeopardy of life or limb."

edies to deal with the unlawful activities of those engaged in organized crime." Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, *reprinted in* 1970 U.S.Code Cong. & Admin. News 1073. The broad purpose behind the Act supports allowing two prosecutions, irrespective of the order in which they are brought.

Esposito argues that his prosecution for the substantive drug offenses is barred because it fails the *Blockburger* test in that "there is no element of the offense unique to *both* prosecutions." Appellant's Brief at 17. The Supreme Court has explained that the *Blockburger* test was developed "in the context of multiple punishments imposed in a single prosecution." *Garrett*, 471 U.S. at 778–79, 105 S.Ct. at 2411. *See United States v. Boffa*, 688 F.2d 919, 938 (3d Cir.1982), *cert. denied*, 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 494 (1983). The Court has recently stated that "[t]he *Blockburger* test is simply a 'rule of statutory construction,' a guide to determining whether the legislation intended multiple punishments." *Grady*, 110 S.Ct. at 2091.

Esposito's argument based on *Blockburger* is inapposite because his acquittal on the RICO charge precludes more than one punishment. Moreover, "the *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." *See Garrett*, 471 U.S. at 779, 105 S.Ct. at 2411. Thus, because we conclude that the statutory intent to make RICO a separate offense from the predicate acts is clear, *Blockburger* is inapplicable.

■ Inasmuch as we have concluded the first step inquiry and established that Congress intended to create separate offenses for the predicate acts and the substantive RICO charge, we are bound to decide whether the predicate offense is the "same offense" as the RICO charge within the meaning of the Double Jeopardy Clause. The Court's recent decision in *Grady*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), requires us to consider whether we must alter our prior conclusion that a

"RICO offense is not, in a literal sense, the 'same' offense as one of the predicate offenses." *Grayson*, 795 F.2d at 283.

In *Grady*, the Court held that because the defendant, who was at fault in a car accident in which the driver of another vehicle was fatally injured, was convicted through a guilty plea of driving while intoxicated and failure to keep to the right of the median, the Double Jeopardy Clause barred his subsequent prosecution on manslaughter and assault charges arising out of the same accident. The Court, building upon its earlier decision in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (defendant convicted of failure to reduce speed to avoid an accident could not be charged with involuntary manslaughter based on reckless driving arising out of the same accident), established the principle that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct for which the defendant has already been prosecuted." *Grady*, 110 S.Ct. at 2093.

Esposito argues that his prosecution on the substantive drug offenses is barred because he was charged in the earlier RICO case with the same distributions of cocaine which constitute Counts One, Two and Three of the present indictment. However, Esposito was not prosecuted for the narcotics violations but for participating in a racketeering enterprise through a pattern of racketeering activity consisting of narcotics distributions. The "conduct" inquiry is distinct from an "evidence" inquiry.

The Court in *Grady* carefully eschewed adopting a "same evidence" or "actual evidence" test. Justice Brennan, writing for the majority, recognized that "[a] true 'same evidence' or 'actual evidence' test would prevent the government from introducing in a subsequent prosecution any evidence that was introduced in a preceding prosecution." *Id.* at 2093 n. 12. He specifically stated the Court did not adopt that test, noting that the Court had already held in *Dowling v. United States*, —— U.S. ——, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), that

"the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Grady*, 110 S.Ct. at 2093. Therefore, the fact that the evidence that the government may introduce in this case may be the same as that which it introduced in *Accetturo* against Esposito, *i.e.*, Agent Marchalonis' testimony of cocaine distributions by Esposito which Marchalonis observed and/or monitored via controlled buys, does not in itself signify a prohibited successive prosecution.

Esposito's argument that *Grady* is dispositive in this case fails to take into account the Supreme Court's holding in *Garrett*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). In *Grady*, the prosecution was barred on the more encompassing crime, manslaughter, because it was dependent on the same conduct as that encompassed in the earlier conviction for the traffic offenses. In *Garrett*, however, the Court held that prosecution on the CCE charge was not barred by the earlier conviction on one of the predicate offenses. *Garrett* was cited by the majority in *Grady*, *see* 110 S.Ct. at 2091, 2094 n. 15, and nothing in that opinion purports to derogate from the *Garrett* holding.

Somewhat more analogous than *Grady* to the inquiry here is the well-established principle that collective criminal agreement is a separate criminal offense from individual delicts. *See Callanan v. United States*, 364 U.S. 587, 593, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961). As the Supreme Court explained in *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975), the rationale for the "long line of decisions [considering conspiracy and the completed substantative offense to be separate crimes] rests on the very nature of the crime of conspiracy [which] poses distinct dangers quite apart from those of the substantive offense." *Id.* at 778, 95 S.Ct. at 1290. As the Court in *Callanan* stated:

> Group association for criminal purposes often, if not normally, makes possible the attainment of ends more complex than those which one criminal could accomplish. Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed.

364 U.S. at 593–94, 81 S.Ct. 325.

If the collective criminal agreement that is the hallmark of a conspiracy is sufficiently distinct from the substantive offense for double jeopardy purposes, *see Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946), then we conclude that the even more complex conduct needed to support a RICO charge, such as the requirement of both an enterprise and a pattern of activity, constitutes an offense different than and separate from that encompassed by the narcotics charges alleged here, even if they were predicate acts or evidence used to prove the racketeering.

In sum, while the same evidence may be presented against Esposito in both trials, he was not prosecuted in *Accetturo* for the same conduct as that set forth in the indictment here, and hence *Grady* does not mandate a finding that this prosecution is barred by double jeopardy. A consequence of our conclusion that the prosecution for the RICO charge does not signify that defendant was prosecuted for the conduct constituting the predicate acts of racketeering activity, *see Grayson*, 795 F.2d at 282; *United States v. Phillips*, 664 F.2d at 1009 n. 55, is that the two offenses may be the subject of successive prosecutions. *See United States v. Dunbar*, 591 F.2d 1190, 1192 (5th Cir.1979) ("no court in this country has ever held that a defendant may not be indicted and tried once for a conspiracy and thereafter tried for the crime of distributing controlled substances"), *panel opinion adopted in relevant part*, 611 F.2d 985 (5th Cir.) (en banc), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980). It follows that Esposito's argument that his prosecution for the predicate offenses is barred as a successive prosecution violative of the Double Jeopardy Clause must fail.

■ Esposito's argument which relies on the ban for successive prosecutions for

greater and lesser included offenses fares no better. In *Boffa,* 688 F.2d at 938, we held that a predicate offense is not a lesser included offense of a substantive RICO offense, citing *United States v. Scotto,* 641 F.2d 47, 56 (2d Cir.1980) (Taft–Hartley violations are not lesser included offenses of RICO charge), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981); *United States v. Boylan,* 620 F.2d 359, 361 (2d Cir.) (same), *cert. denied,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980); *United States v. Rone,* 598 F.2d 564 (9th Cir.1979) (same as to substantive RICO charges and extortion), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980). Indeed, it is not immediately apparent that for purposes of this case there is a significant distinction between Esposito's "fragmentary prosecution" argument and his lesser included offense argument.

In *Grady,* the Court, which focused on the successive prosecution concern, discussed lesser included offenses as follows:

> Similarly, if in the course of securing a conviction for one offense the State necessarily has proved the conduct comprising all of the elements of another offense not yet prosecuted (a "component offense"), the Double Jeopardy Clause would bar subsequent prosecution of the component offense. *See Harris v. Okla-*

*homa,* 433 U.S. 682 [97 S.Ct. 2912, 53 L.Ed.2d 1054] (1977) ("When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one") (footnote omitted); *cf. Brown,* [432 U.S.] at 168 [97 S.Ct. at 2226] (noting that it is irrelevant for the purposes of the Double Jeopardy Clause whether the conviction of the greater offense precedes the conviction of the lesser offense or vice-versa).

*Grady,* 110 S.Ct. at 2093 n. 11.[4]

It is evident that a predicate act included in a RICO indictment is not a lesser included offense of a substantive RICO charge for the reasons given above. Patently, each defendant in the *Accetturo* trial would not have been entitled to require the trial court to have charged the jury to consider as a lesser included offense option each of the 19 predicate acts alleged in Count II of the *Accetturo* indictment. *See* Fed.R.Crim.P. 31(c). In *Boffa,* we upheld the trial court's refusal to give the lesser included offense charge on the Taft–Hartley violation which was the predicate act on a substantive RICO charge. *Boffa,* 688 F.2d at 938. In fact, Esposito does not contend that he even requested such a

**4.** We note with interest that in the more recent Supreme Court cases applying the lesser included offense doctrine the defendant had been *convicted* in the first proceeding, *see, e.g., Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) (conviction of felony-murder during armed robbery bars prosecution for robbery with firearms); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (conviction for lesser included offense of operating a vehicle without the owner's consent bars prosecution for crime of stealing the automobile); *Jeffers,* 432 U.S. 137, 148–50, 97 S.Ct. 2207, 2214–15, 53 L.Ed.2d 168 (1977) (conspiracy to distribute drugs in violation of 21 U.S.C. § 846 is lesser included offense of conducting a CCE to violate drug laws in violation of 21 U.S.C. § 848). *But see Garrett,* 471 U.S. at 796, 105 S.Ct. at 2420 (O'Connor, J., concurring) (*Brown* "held that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on a lesser included offense."). There is some suggestion in the Supreme Court opinions that it is the constitutional collateral estoppel principle embodied in the Double Jeopardy Clause (as distinguished from

the lesser included offense doctrine) which protects a defendant who has been *acquitted* of the same offense in the first prosecution. *See Iannelli,* 420 U.S. at 782 n. 14, 95 S.Ct. at 1292 n. 14 ("In a proper case, this Court's opinion in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), can afford protection against reprosecution following acquittal."); *Brown,* 432 U.S. at 165–66, 97 S.Ct. at 2225 (the "'constitutional policy of finality for the defendant's benefit'" (citation omitted) ... "protects the accused from attempts to relitigate the facts underlying a prior acquittal, see *Ashe v. Swenson,* 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970); cf. *United States v. Martin Linen Supply Co.,* 430 U.S. 564 [97 S.Ct. 1349, 51 L.Ed.2d 642] (1977), and from attempts to secure additional punishment after a prior conviction and sentence, see *Green v. United States,* 355 U.S. 184, 187–188 [78 S.Ct. 221, 223, 2 L.Ed.2d 199] (1957); cf. *North Carolina v. Pearce,* [395 U.S. 711, 89 S.Ct. 2072].") We need not pursue whether there is such a distinction in light of our conclusion that the offenses involved here are not the same and arise out of different conduct.

charge. *See Jeffers*, 432 U.S. at 154, 97 S.Ct. at 2218. The same analysis that led us to conclude that a RICO charge of racketeering and a charge of distribution of narcotics listed as a predicate act are not the same offense for purposes of successive prosecution leads us inexorably to conclude that the predicate act is not a lesser included offense of the RICO charge.

In effect, Esposito's argument would interpose into the Double Jeopardy Clause a constitutional requirement that the prosecution must include in a compound offense indictment all of the possible charges on substantive offenses arising out of each of the predicate offenses. As a practical matter, this would make a RICO trial, which frequently is brought against multiple defendants and contains multiple counts, unwieldy. We have already stated that the government is "not required to make an election between seeking a conviction under RICO, or prosecuting the predicate offenses only." *Grayson*, 795 F.2d at 283 (quoting *United States v. Rone*, 598 F.2d at 571). Esposito has presented no reason why the rationale that supports allowing successive prosecutions for a predicate act followed by a RICO prosecution would not also support allowing successive prosecutions in the "reverse RICO" situation. As the Court noted in *Garrett*, "[t]he Government, and not the courts, is responsible for initiating a criminal prosecution, and subject to applicable constitutional limitations it is entitled to choose those offenses for which it wishes to indict and the evidence upon which it wishes to base the prosecution." 471 U.S. at 790 n. 2, 105 S.Ct. at 2417 n. 2.

Of course, if the prosecutions were for the "same offense," then the second prosecution would be barred irrespective of the sequence of prosecution. *See Jeffers*, 432 U.S. at 150–51, 97 S.Ct. at 2215–16. However, because we have concluded that the conduct with which Esposito was charged in the *Accetturo* case is not the same as the conduct for which he is charged in the current indictment for narcotics offenses, we see no constitutional proscription in the Double Jeopardy Clause based on the sequence of prosecution. Therefore, we conclude that it does not bar this prosecution. We leave open without comment whether this scenario may present a situation of prosecutorial vindictiveness or overreaching so severe that it violates the Due Process Clause.

### III.

For the reasons set forth above, we will affirm the order of the district court denying Esposito's motion to dismiss the indictment on double jeopardy grounds.