**UNITED STATES of America**

**v.**

**Robert Lee JORDAN and Michael Simpson.**

**Crim. Nos. 90–296–32, 90–296–33.**

United States District Court,
E.D. Pennsylvania.

Dec. 6, 1990.

Odell Guyton, Asst. U.S. Atty., Roland Jarvis, Scott D. Godshall and Jonathan Kotlier, Asst. U.S. Attys., Philadelphia, Pa., for plaintiff.

James Becker, Saul, Ewing, Remick & Saul, Philadelphia, Pa., Richard Packel, Media, Pa., for defendants.

### MEMORANDUM

LUDWIG, District Judge.

Defendants move to dismiss the indictment on double jeopardy and due process grounds. Fed.R.Crim.P. 12(b)(2).

---

Defendant Robert Lee Jordan is charged with conspiracy to distribute cocaine. 21 U.S.C. § 846. His motion alleges that he was convicted and sentenced for the same underlying conduct in two cases in the Philadelphia Court of Common Pleas. In one case, he was found guilty of possession with intent to deliver and delivery of a controlled substance. 35 P.S. § 780–113(a)(16), (30). In the other, he pleaded nolo contendere to possession with intent to deliver. 35 P.S. § 780–113(a)(16), (30).

Defendant Michael Simpson is charged with federal substantive drug offenses— *e.g.*, possession with intent to distribute cocaine. 21 U.S.C. § 841(a)(1). He challenges the indictment, alleging that he also faced jeopardy for this conduct in the Philadelphia Court of Common Pleas.[1] Upon non-jury trial in the Philadelphia Court of Common Pleas, he was found guilty of possession of cocaine and acquitted of carrying a firearm on a public street, carrying a firearm without a license, carrying a firearm in a vehicle without a license, and possession of cocaine with intent to deliver. 35 P.S. § 780–113(a)(16), (30); 18 Pa.C.S.A. §§ 6106, 6108 (Purdon 1990).

At a hearing on defendants' motion, the government offered the testimony of a DEA special agent. This evidence was found to be credible:

In March of 1988, a confidential informant came to the Philadelphia field division office of DEA and provided information concerning a drug trafficking organization. DEA assigned this investigation to the Violent Traffickers' Project. This project became a cooperative effort among DEA, Philadelphia Police Department, Pennsylvania State Police, Philadelphia District Attorney and other law enforcement agencies. The Philadelphia police officers assigned to the Violent Traffickers' Project were deputized as federal agents.

Throughout the investigation, the United States Attorney's Office directed the prosecution and DEA directed the investigation. Neither DEA nor the U.S. Attorney's Office had anything to do with the arrests of defendants Robert Lee Jordan or Michael Simpson by the Philadelphia police or their prosecution by the Philadelphia District Attorney's Office on state drug charges.

Defendants contend that the state and federal prosecutions are so interconnected that the federal prosecution is a "tool" or "cover" for the other. Jordan's mem. at 1. Simpson's mem. at 7. The double jeopardy clause provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const.Amend. V.

Defendants concede that the dual sovereignty doctrine permits a federal prosecution based upon the same facts that supported a prior state prosecution. *United States v. Wheeler*, 435 U.S. 313, 320, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978); *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Pungitore*, 910 F.2d 1084, 1105 (3d Cir.), *reh'g denied*, (Sept. 10, 1990). The dual sovereignty doctrine "rests on the premise that, where both sovereigns legitimately claim a strong interest in penalizing the same behavior, they have concurrent jurisdiction to vindicate those interests and neither need yield to the other." *Pungitore*, 910 F.2d at 1105.

However, defendants contend that in this case the dual sovereignty doctrine should not be applied because of the so-called "sham" exception.[2] Jordan's mem. at 6. *See Bartkus v. Illinois*, 359 U.S. 121, 123–

---

1. The government dismissed the conspiracy count against Michael Simpson on November 26, 1990. After his double jeopardy motion was denied, Michael Simpson was found guilty at a bench trial of possession with intent to distribute cocaine base, possession with intent to distribute cocaine, possession with intent to distribute cocaine near a public school, and carrying and using a firearm in connection with drug trafficking. 21 U.S.C. §§ 841(a)(1), 845a; 18 U.S.C. § 924(c)(1).

2. Defendants' argument that the federal prosecutions violate due process lacks merit. "[T]o raise successfully a due process claim, the defendant[s] must affirmatively establish vindictiveness, as the fact of multiple prosecutions, standing alone, does not prove an abuse of prosecutorial discretion." *Pungitore*, 910 F.2d at 1112. They have not done so here.

24, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959). The Seventh Circuit recently characterized the "sham" exception:

> When sovereign A's prosecution serves merely as a "cover and tool" for sovereign B such that sovereign A's prosecution can rightly be called that of sovereign B, the prosecution brought by sovereign A is barred if it would be barred to sovereign B.

*United States v. Paiz*, 905 F.2d 1014, 1023–24 (7th Cir.), *reh'g denied*, (Sept. 21, 1990). *See also United States v. Aleman*, 609 F.2d 298, 309 (7th Cir.1979), *cert. denied* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980) ("The dual sovereignty doctrine is subject to the qualification ... that a state prosecution cannot be used merely as a cover and a tool of federal authorities").

Although several Circuits have recognized this "sham prosecution" exception, no court has held that mere cooperation between the federal government and the state, without more, is enough to bar a subsequent federal prosecution. *See United States v. Aboumoussallem*, 726 F.2d 906, 910 (2d Cir.1984) (joint investigation of criminal activity did not preclude separate prosecutions by federal and state authorities); *United States v. Paul*, 853 F.2d 308, 310–11 (5th Cir.1988), *cert. denied*, 488 U.S. 1012, 109 S.Ct. 801, 102 L.Ed.2d 792 (1989) (federal prosecution of defendant who pleaded guilty to similar state charges allowed even though federal prosecutor approved of plea agreement inasmuch as federal government did not actually participate in or agree to be bound by state plea bargain); *United States v. Bernhardt*, 831 F.2d 181, 183 (9th Cir.1987) (federal prosecution not necessarily "sham and a cover" for second state prosecution even though state prosecutor contacted federal authorities about possibility of federal prosecution, state personnel conducted federal prosecution, and state financed federal prosecution; remand for determination of whether "sufficient independent federal involvement" existed).[3]

Here, although there existed a high degree of coordination and cooperation between the Philadelphia police and DEA, the determinations of whom to prosecute and for what offenses appear to have been made independently by the U.S. Attorney's Office. There is no evidence that the U.S. Attorney's Office and the Philadelphia District Attorney jointly decided to prosecute either Robert Lee Jordan or Michael Simpson. In this case "there is no factual predicate for applying an exception to the dual sovereignty doctrine on the basis of federal-state cooperation." *Pungitore*, 910 F.2d at 1106 n. 20. Both the U.S. Attorney and the Philadelphia District Attorney appear to have independently determined to prosecute offenses against the United States and the Commonwealth of Pennsylvania, respectively.[4]

---

**3.** The Third Circuit has not explicitly recognized the "sham prosecution" exception to the dual sovereignty doctrine. *See Pungitore*, 910 F.2d at 1106 n. 20 ("In practice a bright line test based on the identity of the prosecuting sovereigns may be required, as a more flexible test considering the degree of federal-state cooperation may not be workable. Furthermore, regardless of the degree of cooperation between the prosecutors, the fact remains that the separate prosecutions vindicate the authority of different governments").

**4.** Furthermore, in defendant Robert Lee Jordan's case, the federal conspiracy charge entails more conduct than the state charges of which he was convicted. *See Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946); *United States v. Esposito*, 912 F.2d 60, 65 (3d Cir.1990). Either sovereign could have tried him successively on the conspiracy charge without constitutional barrier. *Esposito*, 912 F.2d at 65.