

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2002

# USA v. Shreffler

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Shreffler" (2002). *2002 Decisions.* Paper 612.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/612

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1062

———————

UNITED STATES OF AMERICA

v.

SCOTT SHREFFLER,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: Honorable William W. Caldwell
(Criminal Action No. 01-cr-215)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002

Before: SLOVITER, RENDELL, and FUENTES, Circuit Judges

(Opinion Filed: September 25, 2002)

———————————————

OPINION OF THE COURT

———————————————

FUENTES, Circuit Judge:

Appellant Scott Shreffler ("Shreffler") challenges the District Court's denial of his motion to dismiss the indictment.  For the following reasons, we find that the substantive offenses with which Shreffler has been charged are not barred under the Double Jeopardy Clause as a result of his prior prosecution for conspiracy to commit the same offenses.  Accordingly, we affirm the District Court's denial of Shreffler's motion to dismiss the indictment.

On September 28, 1999, a jury found Shreffler and a co-defendant guilty of conspiracy to distribute in excess of 100 grams of heroin in violation of 18 U.S.C.  846.  This court reversed Shreffler's conviction because the Government had failed to prove the existence of an agreement necessary for conviction of conspiracy.  United States v. Pressler, 256 F.3d 144 (3d Cir. 2001).  On July 11, 2001, the Government filed an indictment charging Shreffler with distribution of heroin, a crime not charged in the previous indictment.  On October 15, 2001, Shreffler moved to dismiss the indictment on double jeopardy grounds.  On December 12, 2001, the grand jury returned a more specific, superseding indictment charging Shreffler with twenty counts of distribution of heroin.  On December 17, 2001, the District Court denied Shreffler's motion to dismiss the indictment.  Shreffler's timely interlocutory appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C.  1291. Pretrial

orders denying motions to dismiss an indictment on double jeopardy grounds fall within the 'collateral order exception' to the final-judgment rule, and are thus 'final decisions' within the meaning of 1291. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949); Abney v. United States, 431 U.S. 651, 657 (1977); United States v. Esposito, 912 F.2d 60, 61-62 (3d Cir. 1990). The applicable standard of review is plenary. United States v. Grayson, 795 F.2d 278, 281 (3d Cir. 1986).

Shreffler argues that the indictment must be dismissed because the crimes charged: 1) are based upon the same evidence presented in the earlier conspiracy prosecution; 2) were lesser included offenses of the charge previously prosecuted; and 3) were previously adjudicated by the District Court in computing his base offense level in the prior prosecution under a preponderance of the evidence standard. As a result, Shreffler argues, the charges are barred by the Double Jeopardy Clause.

The Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the "same offence." U.S. Const., Amdt. 5; see also Blockburger v. United States, 284 U.S. 299 (1932). The Court has explained that "the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct," leading to the conclusion that "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 503 U.S. 378, 387 (1992) (finding no double jeopardy violation where two of nine overt acts supporting conspiracy charge were previously prosecuted as substantive crimes); see also Esposito, 912 F.2d at 64-65 (finding no double jeopardy problem where the evidence to be introduced in narcotics prosecution was, in part, the same evidence introduced during earlier RICO conspiracy). Here, the superseding indictment charges Shreffler with the illegal conduct of distributing heroin. The prior indictment charged him with the illegal conduct of conspiring to distribute heroin. The fact that the same evidence will be used to prove that Shreffler actually distributed heroin as was used to prove that he conspired to distribute heroin does not bar the second prosecution under the Double Jeopardy Clause.

It is true that the Double Jeopardy Clause bars a subsequent prosecution if one of the two offenses is a lesser included offense of the other, Grady v. Corbin, 495 U.S. 508, 519 (1990), but the conspiracy to commit an offense and the offense itself are separate offenses for double jeopardy purposes. Felix, 503 U.S. at 390-91. In fact, the Court has said that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself." United States v. Bayer, 331 U.S. 532, 542 (1947). The Government charged Shreffler with engaging in a conspiracy to distribute heroin in the first prosecution. In the instant prosecution, however, the Government is charging Shreffler with the actual distribution of heroin. Underscording this point, this court noted in reversing the conspiracy conviction that the evidence at trial was more than sufficient to convict Shreffler of the crime of distribution of heroin even though the proof of an agreement was insufficient. Pressler, 256 F.3d at 156-57. It is clear that the distribution charges are not lesser included offenses of the conspiracy charge, but rather, entirely distinct crimes.

Shreffler's final argument on appeal is that the District Court's finding at sentencing, by a preponderance of the evidence, that Shreffler had distributed the heroin that caused the overdose injuries of Joseph Stoner and Scott Knouse, amounted to a finding that there was not proof of the same beyond a reasonable doubt. The District Court's determination at sentencing that the preponderance of the evidence burden was met is not equivalent to a finding that the reasonable doubt burden could not be met at trial. Shreffler's argument is purely conjectural, and, therefore, meritless.

We agree with the District Court's conclusion that the indictment is not barred by the Double Jeopardy Clause. Accordingly, for the reasons substantially set forth in the written opinion of the District Court, we will AFFIRM.


/s/ Julio M. Fuentes
Circuit Judg