**UNITED STATES of America,**

v.

**Richard Lowell STRATTON.**

**Crim. No. 82–0012–P.**

United States District Court,
D. Maine.

Dec. 1, 1987.

Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for the U.S.

Richard L. Stratton, pro se.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

GENE CARTER, District Judge.

### I. Introduction

Defendant Stratton stands convicted in this Court of conspiracy to distribute hashish, and in the United States District Court for the Southern District of New York of three federal narcotics violations including managing a continuing criminal enterprise. After his conviction and sentencing in this Court, but prior to his trial in New York, Defendant moved to dismiss the charges in New York, claiming prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment. The U.S. District Court there disagreed, finding that the prosecution in this Court did not constitute prior jeopardy. The U.S. Court of Appeals for the Second Circuit affirmed that decision.

Defendant now asks this Court to vacate the conviction and sentence imposed here. He claims that the Maine conspiracy for which he was convicted is a lesser included offense of the New York continuing criminal enterprise conviction, and that, because he was sentenced for the greater offense, his sentence for the lesser is barred by the Double Jeopardy Clause's prohibition on cumulative punishment.

For the reasons set forth herein, the Court denies Defendant the relief he seeks.

### II. Factual Background

In April, 1982, Defendant Richard Lowell Stratton was indicted by a federal grand jury in Maine for conspiracy to possess with intent to distribute hashish in violation of 21 U.S.C. § 846. After the jury returned a guilty verdict, this Court (per Gignoux, D.J.) sentenced Stratton to 15 years imprisonment, the maximum term possible. Defendant is now serving that sentence in a federal penitentiary in Virginia.

In August, 1983, a federal grand jury in the Southern District of New York indicted Stratton on three counts: conspiracy to possess with intent to distribute hashish, conspiracy to import hashish, 21 U.S.C. § 963, and managing a continuing criminal enterprise, 21 U.S.C. § 848. In November, 1983, the grand jury returned a superseding indictment adding a substantive count, importation of hashish, a violation of 21 U.S.C. § 952(a).

Before trial, Stratton moved to dismiss the New York indictment, claiming that his conviction for conspiracy in Maine subjected him to prior jeopardy for violations arising from the same transaction underlying the New York counts, and that the New York prosecution was therefore barred by

the Double Jeopardy Clause of the fifth amendment.

The U.S. District Court disagreed. It found that the "in concert" requirement of the New York continuing criminal enterprise count[1] was satisfied by the importation conspiracy charged in the New York indictment, and that the Maine conspiracy conviction was therefore not a predicate offense of the New York continuing criminal enterprise charge. It found, on the basis of this analysis, that the Maine conviction did not constitute prior jeopardy for the offenses charged in the New York indictment, and that Stratton could therefore be tried in New York without being placed in double jeopardy.

The District Court in New York did sever the New York indictment's conspiracy to distribute hashish count as to Stratton, finding he had a colorable double jeopardy claim with respect to that count. The conspiracy to distribute count was ultimately dismissed by the government.

On October 10, 1984, Stratton was convicted on the three remaining counts in the New York indictment and sentenced to a $100,000 fine and a total of 10 years imprisonment, to be served consecutively to his 15–year Maine sentence. He now asks this Court to vacate the Maine conviction and sentence on the grounds that consecutive sentencing for conspiracy to distribute and continuing criminal enterprise is barred by the Double Jeopardy Clause's prohibition against cumulative punishment.

### III. Analysis

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S.C.A. Const.Amend. 5. In addition to protecting defendants from being tried more than once for the same crime, the clause has been construed to protect a defendant from being punished more than once for the same crime. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

To make out an infringement of the bar against cumulative punishment, a defendant must show that the two crimes for which he has been sentenced are the same within the meaning of the Double Jeopardy Clause. Separate statutory crimes, such as those at issue here, "need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition." *Brown v. Ohio*, 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1976). Rather, the defendant must show that both statutory offenses were established on the basis of the same facts; that neither statute required proof of an additional fact that the other did not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Unless each statute requires proof of a fact that the other does not, cumulative punishment is barred by the Double Jeopardy Clause. *Brown v. Ohio*, 432 U.S. at 166, 97 S.Ct. at 2225.

Here, Defendant attempts to satisfy the "sameness" requirement by alleging that the conspiracy to distribute for which he was sentenced in Maine is a lesser included offense of the continuing criminal enterprise for which he was sentenced in New York. Where a lesser included offense requires no proof beyond that required for conviction of the greater offense, the greater offense is by definition the same for double jeopardy purposes, and cumulative

---

1. 21 U.S.C. § 848(a) lays out the punishment scheme for those who engage in continuing criminal enterprises. 21 U.S.C. § 848(b) provides:

For the purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any [federal narcotics statute] the punishment for which is a felony, and

(2) such violation is part of a continuing series of violations of [federal narcotics statutes]—

(A) which are undertaken by such person *in concert* with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

punishment is barred. *Brown v. Ohio*, 432 U.S. at 169, 170, 97 S.Ct. at 2227.

Conspiracy convictions under 21 U.S.C. § 846 can be, and have been, designated lesser included offenses of continuing criminal enterprises under 21 U.S.C. § 848 for which cumulative punishment is prohibited. In *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), the U.S. Supreme Court prohibited cumulative punishment for convictions under §§ 846 and 848 after assuming that they were the "same" offenses for Double Jeopardy purposes. The critical inquiry, the Court said, is whether Congress, in enacting §§ 846 and 848, intended to punish each statutory violation separately. After concluding that § 848 established a "comprehensive penalty structure," the Court concluded that Congress did not intend to allow cumulative punishment for violations of §§ 846 and 848, and remanded the case with instructions that the defendant's cumulative punishment be reduced to within the statutory maximums established in § 848.

In *Jeffers*, however, the §§ 846 and 848 violations were alleged in the same indictment. The government conceded that both counts arose from the same criminal transaction. The facts relied upon to establish both offenses were the same. The *Jeffers* holding that cumulative punishment is not permitted for violations of §§ 846 and 848 does not apply where the § 846 count is not relied upon in satisfying the statutory requirements for the § 848 count. *United States v. Chagra*, 653 F.2d 26 (1st Cir. 1981). The "lesser included offense" designation is reserved for conspiracy convictions that actually underlie the continuing criminal enterprise conviction, those that help satisfy the drug felony and "continuing series" requirements of § 848(b)(1) and (2).

Thus, where the conspiracy conviction rests on different facts, and is not a predicate offense for the continuing criminal enterprise conviction, that is, where the "in concert" and "continuing series" requirements of § 848 are satisfied by other criminal transactions and drug felonies, the § 846 offense is not a lesser included offense of the § 848 violation, and cumula-

tive sentencing is not prohibited. *United States v. Chagra*, 653 F.2d at 34. This distinction arises from the *Chagra* court's belief that, while the legislative history of §§ 846 and 848 "might suggest an intent not to punish for both the § 848 violation and the offenses used to prove it, there is no evidence of any intent to forego additional punishment" for offenses not so used. *Chagra*, 653 F.2d at 33.

Thus, where other drug felonies can be used to establish the continuing criminal enterprise, those drug offenses not relied upon can support separate convictions and sentences without violating the Fifth Amendment's prohibition against cumulative punishment. *United States v. Oberski*, 734 F.2d 1030, 1033 (5th Cir.1984).

■ The United States District Court for the Southern District of New York has already held that Defendant Stratton's Maine conviction for conspiracy to distribute hashish did not underlie his indictment in New York for managing a continuing criminal enterprise. Stratton had claimed, in moving to dismiss the New York indictment on double jeopardy grounds, that his Maine conviction satisfied the "in concert" requirement of the New York continuing criminal enterprise count. He claimed, on that basis, that the Maine conspiracy was a lesser included offense of the New York continuing criminal enterprise, and therefore constituted prior jeopardy, barring a second prosecution under § 848.

The Court disagreed, finding that Count II of the New York indictment, which charged Stratton with conspiracy to import hashish, satisfied the "in concert" requirement of the § 848 count. It found, on that basis, that the Maine conspiracy prosecution did not constitute prior jeopardy on the § 848 count. The U.S. Court of Appeals for the Second Circuit affirmed, ruling that Defendant's Maine conviction under § 846 did not bar his prosecution in New York under § 848.

In finding that Defendant's Maine conspiracy conviction did not underlie his New York continuing criminal enterprise indictment, the New York courts implicitly rule that Defendant's Maine conspiracy was not a lesser included offense of his federal

indictment under § 848 in the Southern District of New York. If the Maine prosecution was so factually and legally distinguishable from the New York prosecution that it did not constitute prior jeopardy on the counts charged in the New York indictment, there exists no plausible argument that the Maine and New York offenses are the "same" for the purposes of the Fifth Amendment's bar on cumulative punishment.

The New York courts' determinations establish the law on the question of whether the Maine conspiracy was in fact a lesser included offense of the New York continuing criminal enterprise, and are binding on this Court. *Harrington v. Inhabitants of Town of Garland, Maine*, 551 F.Supp. 1371 (D.C.Me.1982), aff'd, 715 F.2d 1 (1st Cir. 1983). On the basis of the New York courts' rulings and the law set out above, therefore, this Court finds that the *Jeffers* rule barring cumulative punishment for violations of §§ 846 and 848 does not apply, that Defendant's Maine conviction is valid and discrete and can support a separate sentence, and that Defendant is not entitled to the relief he seeks under the Double Jeopardy Clause.

Accordingly, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his conviction and sentence in this Court is hereby DENIED.

So ORDERED.