Richard Lowell STRATTON,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 88–1162.

United States Court of Appeals,
First Circuit.

Submitted Sept. 16, 1988.

Decided Dec. 2, 1988.

Richard Stratton, on brief, pro se.

Margaret D. McGaughey, Asst. U.S. Atty., and Richard S. Cohen, U.S. Atty., on brief, for appellee.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Petitioner, claiming that he had unconstitutionally received consecutive sentences in violation of the double jeopardy clause on both a greater offense and a lesser included one, filed a § 2255 petition to vacate the lesser included sentence. The petition was denied without a hearing, 674 F.Supp. 42, and petitioner now appeals. We review the background.

Petitioner was first indicted in Maine. He was charged with a conspiracy occurring from October 1, 1981 to April 9, 1982 to possess with intent to distribute a large quantity of marijuana and hashish. He was convicted after a jury trial and received a 15 year sentence. Thereafter, petitioner was indicted in New York on four counts. Count 1 charged a conspiracy from January 1, 1977 to November 1983 to possess with intent to distribute 1,000 pounds of hashish. Count 2 charged conspiracy during the same time frame to import 1,000 pounds of hashish into the United States. Count 3 charged unlawful importation on or about April 1981 of seven tons of Lebanese hashish. Count 4 charged defendant with managing a continuing criminal enterprise (CCE) from January 1979 to November 1983 in violation of 21 U.S.C. § 848.[1] The allegations of count

1. Engaging in a continuing criminal enterprise (CCE) is proscribed by 21 U.S.C. § 848. Under the statute, a person is engaged in a CCE if

1, the conspiracy to distribute count, were incorporated into Counts 2 and 4. The New York indictment embraced the entire time period of the Maine indictment and count 1 alleged the same statutory violation—conspiracy to possess with intent to distribute—as had the Maine indictment.

Petitioner filed a pre-trial motion to dismiss the New York indictment. He argued that the conspiracy to possess with intent to distribute hashish for which he had been convicted in Maine involved the same Lebanese hashish for which he was on trial in New York. He contended that there had been but one agreement—to import and distribute the seven tons of Lebanese hashish. Having already been convicted in Maine for his conspiratorial agreement, petitioner contended the double jeopardy clause precluded further trial on the New York conspiracy or CCE charges.

Judge Motley in the federal district court in New York ruled that petitioner had made a colorable double jeopardy claim as to count 1—the conspiracy to possess with intent to distribute charge—and ordered count 1 severed from the rest of the indictment for possible later trial. (In the event the government wished to proceed with trial on this count, Judge Motley contemplated holding a hearing to determine whether the distribution conspiracy count proven in Maine was the same distribution conspiracy charged in count 1 of the New York indictment before trial on count 1 would be held. As it turned out, however, the government subsequently dismissed count 1.) With respect to the substance of petitioner's double jeopardy claim, Judge Motley pointed out that the three remaining New York counts—conspiracy to import, importation, and CCE—each required proof of an element not required to prove the conspiracy to possess with intent to distribute charge proven in Maine and, hence, under *United States v. Blockbur-*

*ger,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), none of the New York charges were the same as the Maine charge. Nor was the Maine offense necessarily a lesser included offense of the CCE charge. Rather, the "in concert" element of the CCE charge (see 21 U.S.C. § 848(d)(2)(A) set out in footnote 1 above) could be satisfied by the conspiracy to import charge without reliance on the distribution conspiracy proven in Maine. Consequently, Judge Motley rejected the pre-trial double jeopardy claims presented. *United States v. Stratton,* 583 F.Supp. 1234 (S.D.N.Y.1984), *aff'd,* 751 F.2d 373 (2d Cir.1984).

Petitioner was convicted of the three remaining counts in New York. Count 2 (conspiracy to import) was merged with Count 4 (CCE) for purposes of sentencing. Petitioner received a 10 year sentence on the CCE violation, to be served consecutively to the 15 year Maine sentence. Petitioner then filed the present § 2255 petition in Maine, again raising double jeopardy claims. The district court ruled that petitioner had already once litigated his double jeopardy claims and lost and therefore was precluded from raising them again. Alternatively, the court concluded that even if the arguments were to be considered again, they were without merit.

We pass the question whether preclusion principles bar the present § 2255 petition. A pre-trial double jeopardy claim may fail where a post-trial one will succeed. *See Illinois v. Vitale,* 447 U.S. 410, 420–21, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). We instead turn to the arguments.

The gist of petitioner's present double jeopardy argument seems to be that regardless what the indictments charged or what the district court in New York might have intended in severing count 1 from the

"(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
"(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
    (A) which are undertaken by such person in concert with five or more other persons

with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
    (B) for which such person obtains substantial income or resources."
21 U.S.C. § 848(d).

rest of the counts, in fact evidence of the conspiracy to distribute for which petitioner was convicted in Maine was introduced in New York and underlay or become a predicate part of the CCE conviction. Petitioner maintains that, consequently, the Maine charge in fact became a lesser included offense of the CCE conviction and hence petitioner cannot constitutionally receive consecutive sentences on both the lesser and greater offenses.

■ Two guide posts have been established by decisions of the Supreme Court and this court. If a conspiracy offense is actually used to establish the "continuing series of violations" and "in concert" requirements needed to show an enterprise under 21 U.S.C. § 848, then cumulative punishment on the conspiracy charge and the § 848 CCE charge is barred. *Jeffers v. United States*, 432 U.S. 137, 154–58, 97 S.Ct. 2207, 2218–20, 53 L.Ed.2d 168 (1977); *Garrett v. United States*, 471 U.S. 773, 794–95, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985). However, if the conspiracy charge might have been—but was not in fact—used to establish the § 848 enterprise, cumulative punishment is not barred. *United States v. Chagra*, 653 F.2d 26, 31 (1st Cir.1981) (Congress intended § 848 and underlying violations not specifically charged in the § 848 proceeding to be punished cumulatively), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982). Thus, the question here comes down to whether the distribution conspiracy proven in Maine was used to establish the CCE violation proven in New York.

Petitioner's § 2255 petition was denied without a hearing or consideration of the Maine and New York trial transcripts. Ordinarily, it may be that a court, when faced with a claim that an earlier conviction was used to obtain a later CCE conviction, would need to examine the transcripts and jury charge to determine whether that was so. In this particular case, however, because of the nature of petitioner's arguments, we do not think the transcripts are needed.

Petitioner does not claim that the trial judge in New York specifically instructed the jury that it could consider the Maine distribution conspiracy (or any other distribution conspiracy) in determining whether petitioner had acted "in concert" with five or more persons or had committed "a continuing series of [narcotics] violations," within the meaning of 21 U.S.C. § 848(d)(2).[2] And, indeed, it is unlikely that Judge Motley would have given any such instruction in view of the fact that she had severed the distribution conspiracy count precisely because of potential double jeopardy problems.

Rather, petitioner argues that the Maine distribution conspiracy is a lesser included offense of the New York CCE charge since the same agreement—an agreement to import hashish into the United States from Lebanon and distribute it in Canada, that is, an agreement to merchandise hashish—underlay both those charges as well as the New York conspiracy to import charge. The activities for which he was convicted in Maine and then in New York were but different phases of the same smuggling operation and all were integral to the success of the one overall scheme, petitioner maintains.

As both Judge Motley and the Second Circuit pointed out in rejecting petitioner's same agreement/same transaction theory of double jeopardy, however, one agreement may give rise to separate statutory

---

**2.** Nor, according to the Second Circuit's opinion affirming petitioner's CCE conviction, did the government seek to prove the § 848(d)(2) "continuing series" CCE requirement through use of any distribution *conspiracy*. Rather, the government urged the following violations: conspiracy to import hashish as charged in the indictment; importation as charged in the indictment; a separate January 1980 importation; telephone use violations under 21 U.S.C. § 843(b)(1982); and distribution of, and possession with intent to distribute, hashish. *United States v. Stratton*, 779 F.2d 820, 825–26 (2d Cir.1985), *cert. denied*, 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986). The last enumerated was a substantive distribution violation, not a distribution conspiracy.

violations. *See Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (Congress intended to permit, and the double jeopardy clause does not prohibit, consecutive sentences for both conspiracy to distribute and conspiracy to import even though both violations arise out of a single agreement having the dual objectives of importation and distribution). Judge Motley and the Second Circuit have already rejected this argument, and we agree with the analysis of those courts to the extent the analysis has not been supplanted by the Supreme Court's subsequent decision in *United States v. Garrett,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

■ Nor do we find merit in petitioner's contention that the same facts necessarily established both the CCE violation and the conspiracy to possess with intent to distribute. The same facts manifestly could not have established the two separate statutory offenses since an agreement to possess with intent to distribute was an essential element of the conspiracy charge proven in Maine but was not an element of the CCE, as the government did not predicate the CCE charge on a distribution conspiracy. See footnote 2, *supra.* That some of the same evidence was introduced at both trials does not change the result, for obviously pieces of evidence can have multiple relevant uses.

We have considered all of petitioner's arguments and find them without merit.

AFFIRMED.