**Diego RESTREPO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 90–11701–MA.**

United States District Court, D. Massachusetts.

April 8, 1991.

Diego Restrepo, pro se.

Jonathan Chiel, U.S. Attorney's Office, Boston, Mass., for U.S.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

Diego Restrepo pled guilty to a nine count indictment charging him with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848 ("CCE"), conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 ("§ 846 conspiracy"), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, and using a telephone to commit a narcotics felony in violation of 21 U.S.C. § 843(b). He was sentenced by this court on May 27, 1987, to a ten-year term of imprisonment on the CCE conviction and a twelve-year term of imprisonment on the conspiracy conviction, the terms to run concurrently.[1] He was ordered to pay a special assessment of $50 on each count.

Restrepo filed a motion to vacate his sentence in June, 1987, which was summarily dismissed. The dismissal was appealed to the First Circuit Court of Appeals, and affirmed by that court. He now challenges his sentence pursuant to 28 U.S.C. § 2255.

Restrepo argues that his conviction and sentence for conspiracy to distribute cocaine, 21 U.S.C. § 846, should be vacated because it constituted a lesser included offense within the continuing criminal enterprise, 21 U.S.C. § 848, and thus should have been merged into that conviction.[2]

---

1. Because he is eligible for parole on the conspiracy sentence, and not the CCE sentence, the longer sentence is in fact the CCE sentence. He was also sentenced to lesser concurrent terms on the other counts, not relevant here.

2. 21 U.S.C. § 846, Attempt and Conspiracy provides that:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The CCE statute, 21 U.S.C. § 848 reads in relevant part:

b) "... a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

Punishment under both statutes for the same conduct, he argues, violates the double jeopardy clause of the fifth amendment.

Whether a defendant may be convicted under both 21 U.S.C. §§ 846 and 848 when the same course of conduct is used to prove both the § 846 conspiracy and the "in concert with" element of CCE is a question of first impression in this circuit. The Supreme Court and the First Circuit have considered related issues, however, and a number of other circuit courts of appeal, amid some confusion, and with some conflicting outcomes, have developed an approach to this question. Before examining the tangled web of case law, however, it is necessary to outline briefly the conduct underlying Restrepo's convictions and the relevant constitutional principles of double jeopardy.

### 1. *The Course of Conduct Underlying the Challenged Convictions*

It is clear that only one course of conduct served as the basis for Restrepo's convictions under both 21 U.S.C. § 846 and 21 U.S.C. § 848. Count One of the superseding indictment charged Restrepo with violating § 846 by means of a conspiracy to possess with intent to distribute cocaine between early 1985 and November of 1986 "at Lowell, Billerica and elsewhere in Massachusetts and in Connecticut." Count Two charged a continuing criminal enterprise in violation of § 848:

> In particular, defendant Diego Restrepo did, as alleged in Count One, conspire.... Defendant Diego Restrepo did, as alleged in Counts Three, Four, Five, and Six, also aid, abet, counsel, command, induce and procure other persons to possess with intent to distribute quantities of cocaine, a Schedule II narcotic controlled substance. The foregoing felonies were part of a continuing series of violations of the Federal Comprehensive Drug Abuse Prevention and Control Act undertaken by defendant Diego Restrepo in concert with at least five other persons with respect to whom defendant Diego Restrepo occupied a position of organizer, supervisor, and manager, and from which series of violations defendant obtained substantial income and resources.

Superseding Indictment dated March 19, 1987. The Government's summary of its evidence at the change of plea hearing likewise makes plain what the Government does not dispute here, that the indictment in this case was based upon a single criminal scheme: the cocaine distribution operation centered in the Lowell area in 1985 and 1986. *See* Transcript of Change of Pleas proceedings, 4/13/87 (Cr.A. 86–391–MA) at pp. 25–31.

### 2. *Applicable Double Jeopardy Principles*

The double jeopardy clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Among other things, this guarantee protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). The Supreme Court has explained that "[t]he legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense...." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). "The assumption ... is that Congress ordinarily does not intend to punish the same offense under two different statutes." *Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985). To determine whether Congress intended to create two offenses which punish the same conduct, "[t]he appropriate inquiry ... is 'whether each provision requires proof of a fact which the other does not'". *Id.* (quoting

---

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
(A) which are undertaken by such person in concert with five or more persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
(B) from which such person obtains substantial income or resources."

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).[3] Thus, if proof of one offense *necessarily* includes proof of another, the two offenses are the same for double jeopardy purposes. *Ball*, 470 U.S. at 862, 105 S.Ct. at 1672. "The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it," and so the double jeopardy clause forbids punishment for both a greater and lesser included offense. *Brown*, 432 U.S. at 168–69, 97 S.Ct. at 2226–27.

Moreover, when punishment is forbidden by the double jeopardy clause, it is the judgment of criminal conviction that is prohibited, "not simply the imposition of sentence." *Ball*, 470 U.S. at 861, 105 S.Ct. at 1671–72. In *Ball* the Supreme Court emphasized that the concept of punishment always includes conviction, as "Congress does not create criminal offenses having no sentencing component." *Id.*

3. *Does the Double Jeopardy Clause Bar Punishment Under Both 21 U.S.C. § 846 and 21 U.S.C. § 848 When the Underlying Conduct is the Same?*

The relationship between the § 846 conspiracy and CCE was examined closely by the Supreme Court in *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion). Jeffers was indicted separately for violations of § 846 and § 848. The § 846 indictment charged that Jeffers had conspired to distribute heroin and cocaine between 1971 and 1974. The indictment further specified that the goals of the conspiracy were to be accomplished by Jeffers's leadership of the organization, distribution of drugs, and acquisition of income from the drug sales. The § 848 indictment charged Jeffers for the same drug operation during the same time period, but tracked the language of the CCE statute. The government moved to have the indictments tried together, but the defendant successfully argued against consolidation. After trial and conviction on the § 846 charge, the defendant then

sought to have the second indictment dismissed on double jeopardy grounds. His motion was denied, and he was tried and convicted on the CCE charge. While intimating that the defendant did have a valid double jeopardy objection to the successive trials, the Court plurality ruled that Jeffers had waived that objection by blocking the consolidation of the indictments requested by the government. The Court did hold, however, that cumulative punishment of the defendant, in the form of fines beyond the maximum allowed for a CCE sentence alone, was impermissible.

After extensive discussion, the Court concluded *arguendo* that the "in concert with" element of CCE is the same as the agreement concept embodied in conspiracy, and thus that the § 846 conspiracy is a lesser included offense because while CCE requires proof of additional elements beyond the criminal agreement, conspiracy does not. The Court reached this position that "agreement", the essential element of conspiracy, is also an essential element of CCE after detailed consideration of the available evidence that the phrase "in concert with" as it is used in the CCE statute appears to have the same meaning as agreement as it is used in conspiracy. The Court concluded that "[t]he legislative history, the use that Congress has made of the phrase 'in concert' in other statutes, and the plain meaning of that term all support the interpretation suggested for § 848." *Jeffers*, 432 U.S. at 148 n. 14, 97 S.Ct. at 2215 n. 14. But this language, however persuasive, remained *dicta* because the Court found that Jeffers had waived any double jeopardy protection to which he was entitled when he blocked consolidation of the charges against him. The Court stressed repeatedly the unusual circumstances in which the defendant, by his own acts and through no fault of the government, "was solely responsible for the successive prosecutions." *Id.* at 154, 97 S.Ct. at 2218; *see also Id.* at 152–53 & n. 20, 97 S.Ct. at 2217 & n. 20. Once the plurality determined that Jeffers had waived his double jeopardy rights, there

**3.** Application of the *Blockburger* test is not necessary when the legislative intent is obvious.

*Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

was no need to evaluate either his successive prosecution *or his dual conviction* claims.

Where the maximum CCE punishment was exceeded by the cumulative effect of the two sentences, however, the Court identified a different problem, which remained uncured by Jeffers's waiver of his double jeopardy rights.[4] Jeffers's punishment was limited to the maximum amount authorized under the CCE statute, the Court ruled, since Congress ·intended the CCE statute to reflect a "comprehensive penalty structure," which already included punishment for the criminal agreement. *Id.* at 156–57, 97 S.Ct. at 2219–20. The Court explained: "[s]ince the Government had the right to try petitioner on the § 848 indictment, the court had the power to sentence him to whatever penalty was authorized by that statute. It had no power, however, to impose on him a fine greater than the maximum authorized by that statute." *Id.* at 157, 97 S.Ct. at 2220. Thus clear Congressional intent regarding the maximum allowable punishment for the criminal conduct, not double jeopardy concerns about multiple punishment, limited Jeffers's sentence in this case.[5]

The finding that the defendant had waived his right to object to the separate prosecutions and convictions made the holding in *Jeffers* quite narrow. *See United States v. Mourad,* 729 F.2d 195, 202 (2d Cir.1984), *cert. denied,* 472 U.S. 1007, 105 S.Ct. 2700, 86 L.Ed.2d 717 (1985). In discussing each aspect of its holding, the *Jeffers* Court declined to reach decisively the issue of whether a § 846 conspiracy was a lesser included offense of the CCE. The extensive and detailed reasoning of the *arguendo* discussion, however, strongly indicated that the "in concert" element of § 848 was intended by Congress to encompass the concept of agreement or conspiracy, and that § 846 was thus a lesser included offense of § 848. 432 U.S. at 147–

50, 97 S.Ct. at 2214–16. The Court opined that if the two charges had been tried together, "it appears that petitioner would have been entitled to a lesser included offense instruction." *Id.* at 153, 97 S.Ct. at 2218.

The First Circuit has considered several related issues since *Jeffers.* In *United States v. Chagra,* 653 F.2d 26 (1st Cir. 1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982), the court failed to reach the issue of whether § 846 could ever be a lesser included offense of CCE because in the case before them different facts—different time periods, co-conspirators, and evidence—were used by the government to prove each crime charged. The court rejected the defendant's broad argument that if the § 846 conspiracy *could* have been used to show the CCE, then the conspiracy *must* merge into it. In discussing the defendant's argument, the court recognized that in *Jeffers* the Supreme Court "strongly suggested" that a § 846 conspiracy would be considered a lesser included offense, and seemed to accept that premise for circumstances in which the underlying facts used to prove the crimes were the same, while distinguishing the case before the court. 653 F.2d at 32–33 & n. 6. In *Stratton v. United States,* 862 F.2d 7 (1st Cir.1988) (per curiam), the First Circuit held that the use of some of the same facts at successive trials for conspiracy and CCE did not cause successive prosecution double jeopardy when the Government predicated the CCE charge on a distribution conspiracy rather than the importation conspiracy for which the defendant was previously convicted.

In the case at bar, Government urges me to apply the reasoning of *United States v. Bond,* 847 F.2d 1233 (7th Cir.1988), which authorizes dual convictions and concurrent sentences for violations of § 846 and CCE. Although apparently accepting that con-

---

**4.** The prison terms imposed did not exceed the maximum allowed by the CCE statute, which was life imprisonment, but the fines when combined exceeded the maximum fine of $100,000 imposable under the CCE statute.

**5.** In *Garrett v. United States,* 471 U.S. 773, 774, 105 S.Ct. 2407, 2409, 85 L.Ed.2d 764 (1985), where the court found that Congress did intend that predicate acts and the CCE be punished separately, the Court explicitly distinguished its holding from that of *Jeffers.*

spiracy may be a lesser included offense of CCE, *Bond* does not reach the *Blockburger* "same offense" analysis, because the court holds on the authority of *Jeffers* that the Congressional intent was to create two separately punishable offenses.[6]

*Bond* is not persuasive because it appears to be founded upon a misapprehension of the holding in *Jeffers*. The *Bond* court read *Jeffers* to mean that concurrent sentences are acceptable, while completely ignoring the significance of the defendant's waiver in that situation. Instead, *Bond* seems to advance a traditional argument for the non-merger of conspiracy and the completed substantive offense:

> The point of *Jeffers* ... is that one can *both* conspire (agree to run a drug business) and run a continuing criminal enterprise (strike the agreement and succeed) ... The two statutes reach the same group of persons. It is not illogical to convict a person of both agreeing to do something (§ 846) and succeeding on a grand scale (§ 848).

*Bond*, 847 F.2d at 1238.

The Seventh Circuit's reasoning, however, is questionable in light of the discussion in *Jeffers*. *See* 432 U.S. at 155–57, 97 S.Ct. at 2218–20. In rejecting cumulative punishment for the two convictions, the Supreme Court held that in the CCE statute Congress clearly intended to create a "comprehensive penalty structure." *Id.* at 155, 97 S.Ct. at 2218. The Court, while acknowledging that the legislative history of CCE is "inconclusive" on the question of cumulative punishment, noted that "[t]he policy reasons usually offered to justify separate punishment of conspiracies and underlying substantive offenses ... are inapplicable to § 846 and § 848." *Id.* at 156–57, 97 S.Ct. at 2219. The Court reasoned that the added dangers posed to society by persons joining together in a common agreement to commit crime, rather than mere individual criminal actions, are addressed by CCE and thus do not have to be punished separately. *Bond* appears to ignore *Jeffers*'s assertion that conspiracy need not be punished separately because CCE "already expressly prohibits this kind of [concerted criminal] conduct." *Jeffers*, 432 U.S. at 157, 97 S.Ct. at 2219. In effect, punishment for the agreement is built into the statute and into the penalty structure. CCE itself convicts a person of "both agreeing to do something ... and succeeding on a grand scale," as the Seventh Circuit tries to do by permitting concurrent sentences for § 846 and § 848. The Seventh Circuit position articulated in *Bond* is clearly in the minority on this issue and I decline to adopt it.

While I am not bound by the holding in *Jeffers* because of the factual differences in the case at bar, I find its reasoning persuasive on the issue that § 846 should be considered a lesser included offense of § 848 when the same course of conduct is used to prove the agreement element in each. Thus I must conclude that punishment of Restrepo for both crimes is barred by the fifth amendment. This interpretation of the two statutes accords most closely with the guidance provided by the Supreme Court and the First Circuit, and is supported by the majority of the circuit courts as well.[7]

---

**6.** *Bond* is of course correct in assuming that if Congressional intent to punish separately the same actions is evident, no lesser and greater/same offense analysis under *Blockburger* is necessary. *See Brown*, 432 U.S. at 165, 97 S.Ct. at 2225; *Garrett*, 471 U.S. at 778–79, 105 S.Ct. at 2411–12.

**7.** A number of circuits appear persuaded by the reasoning of *Jeffers* while recognizing that the case does not bind them on the issue of whether the § 846 conspiracy is a lesser included offense. *See, e.g., United States v. Maull*, 806 F.2d 1340, 1346 (8th Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987) (relying on the reasoning of *Jeffers* but independent-

ly endorsing it and concluding that a § 846 conspiracy is a lesser included offense of CCE when the underlying agreement and transactions involved are the same); *United States v. Stricklin*, 591 F.2d 1112, 1123 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979) (same).

Some courts have assumed on the basis of *Jeffers* that a § 846 conspiracy is a lesser included offense of the CCE without deciding the issue independently. *See, e.g., United States v. Stallings*, 810 F.2d 973, 975–76 (10th Cir.1987); *United States v. Bascaro*, 742 F.2d 1335, 1357–58 (11th Cir.1984); *United States v. Smith*, 703 F.2d 627, 628 (D.C.Cir.1983) (per curiam); *United*

### 4. *The Appropriate Remedy*

Since the double jeopardy clause is violated by the punishment of Restrepo for both the § 846 conspiracy and CCE, I am required to vacate both his conviction and sentence for the lesser included offense, the § 846 conspiracy. Conviction itself is regarded as punishment under the double jeopardy clause. *See* p. 213 *supra.* In addition, there are practical consequences of that punishment even when, as here, the sentences were ordered to run concurrently.

> The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Ball,* 470 U.S. at 865, 105 S.Ct. at 1673.[8]

Perhaps anticipating this court's reluctance to accept the position of the Seventh Circuit, the Government urges an alternate approach advanced by the Second Circuit which concedes that the § 846 conspiracy is a lesser included offense of CCE which may not be punished separately, but fashions a less drastic remedy which furthers the Government's interest in some sure punishment of the defendant adjudged guilty of CCE.

The Second Circuit law on this issue has developed over a number of opinions handed down from the time prior to the Supreme Court's decision in *Jeffers,* up to the present day. In *United States v. Sperling,* 560 F.2d 1050 (2d Cir.1977), the court ruled that § 846 conspiracies are lesser included offenses of CCE, on both statutory construction and legislative intent grounds. This view was confirmed in *United States v. Young,* 745 F.2d 733, 750 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985), after *Jeffers* was decided.

The Second Circuit approach recommended by the Government in the case at bar was fashioned in *United States v. Aiello,* 771 F.2d 621, 632–34 (2d Cir.1985). The court started from its well established premise that the § 846 conspiracy is a lesser included offense of the CCE. Reluctant to let the lesser included offense merge out of existence, when there remains the possibility of the greater CCE conviction being vacated upon appeal, the court chose to "combine" the two convictions in such a way that the § 846 conviction had no separate identity or vitality, unless the § 848 conviction was overturned.[9] The *Aiello*

---

States v. Lurz,* 666 F.2d 69, 81 (4th Cir.1981), *cert. denied,* 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d 87 (1982) (all vacating conviction and sentence for the lesser included § 846 conspiracy).

Still other courts, relying on *Jeffers, Garrett,* and *Ball,* have vacated the § 846 conspiracy conviction as a lesser included offense of the CCE because they reasoned that *Jeffers* forbade cumulative punishment under the two statutes, and *Ball* taught that even concurrent sentences constitute cumulative punishment. *United States v. Schuster,* 769 F.2d 337, 344–45 (6th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1582 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990).

**8.** *Cf. United States v. Gomez–Pabon,* 911 F.2d 847, 861 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991)

(when defendants were charged, convicted and sentenced for two conspiracies when the second was really just a continuation of the first conspiracy, the proper remedy was vacation of the second conviction even when the two sentences were concurrent, to avoid collateral consequences of two convictions, in accordance with the teachings of *Ball*).

**9.** If the CCE conviction was overturned on appeal, the lesser charge, which had been proven as well, would be automatically revived and subject to sentencing. *Aiello,* 771 F.2d at 632–34. The Third Circuit adopted a similar approach in *United States v. Aguilar,* 843 F.2d 735, 737 (3d Cir.), *cert. denied, Farber v. United States* 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 916 (1988), when it imposed a general sentence for the conspiracy and CCE convictions. In a related appeal which raised successive prosecution rather than multiple punishment issues,

court held that this approach eliminated the dual punishment and potential adverse collateral consequences explicitly forbidden by *Ball.* While the Second Circuit approach may indeed be sufficient to satisfy *Ball,* I see no basis for striking out in such new territory when the Supreme Court has spoken so clearly on the matter.

In accordance with the foregoing, Diego Restrepo's conviction and sentence on Count One, violation of 21 U.S.C. § 846, is hereby vacated. The order for a special assessment of $50 on Count One is also vacated.

SO ORDERED.

however, the court concluded that a § 846 conspiracy was a lesser included offense for double jeopardy purposes when the same activities formed the basis for each crime charged. *United States v. Aguilar,* 849 F.2d 92, 98 (3d Cir. 1988). Here the court recognized that *Jeffers* had not resolved the issue, but credited the unusually detailed arguendo on the subject found in Justice Blackmun's opinion, and adopted the reasoning therein.